Howes *vs.* Patterson & Company.

## HOWES *vs.* PATTERSON & COMPANY.

| 76 | 689 |
| d114 | 617 |
| 114 | 619 |

| 76 | 689 |
| c127 | 302 |

1. Where an attachment was sued out against three persons as partners, on the ground that they were non-residents of the state, which was levied by serving a summons of garnishment, and the defendants dissolved it by giving bond and security, and where on the hearing it appeared that the firm sued was not indebted to the plaintiff, but another firm of which one of the partners sued was also a member, there was no error, after allowing the two other partners composing the first firm to be stricken from the declaration, in refusing to allow two new persons to be inserted as defendants in their stead, as composing, with the remaining defendant, the second firm.

(*a.*) This was not an omission of a party provided for by §3484, but was a suit against the wrong partnership.

2. After striking the names of two of the partners sued, there was no error in refusing to allow a judgment on the bond, or a general judgment against the remaining defendant individually, to be entered.

3. There was no error in dismissing the case on motion.

March 23, 1886.

Partnership. Attachment. Amendment. Parties. Judgments. Before Judge CLARKE. Fulton Superior Court. October Term, 1885.

Reported in the decision.

HOKE & BURTON SMITH, for plaintiff in error.

HOPKINS & GLENN, for defendants.

HALL, Justice.

The plaintiff sued out an attachment against R. A. Patterson, T. M. Rutherford and R. F. Patterson, as partners under the firm name of R. A. Patterson & Co., upon the ground that they "reside out of the state of Georgia," and levied it by serving a summons of garnishment upon a party indebted to them or having in his hands effects belonging to them. They appeared and dissolved the gar-

nishment by giving the bond and security required by law for that purpose.

On the hearing, the plaintiff failed to prove that the firm, composed of the individuals above named, were indebted to him, but did prove that a firm composed of R. A. Patterson, T. C. Williams and James Thomas, Jr., were his debtors. To make his pleadings conform to his proof, the plaintiff moved to strike from the declaration the names of Rutherford and R. F. Patterson and insert in lieu thereof the names of Williams and Thomas; the court allowed the names of Rutherford and R. F. Patterson to be stricken, but refused to allow those of Williams and Thomas to be inserted in their stead. To the refusal of the court to allow this latter amendment, exception was taken. Plaintiff then asked that he might be allowed to take a judgment against R. A. Patterson alone, who appeared to be a member of both firms, but the court denied this motion, and refused a judgment either upon the bond given to dissolve or a general judgment against the only defendant then remaining; thereupon counsel for the original defendants in the attachment moved to dismiss the suit, and the motion was sustained. Three errors are assigned to this judgment:

(1.) That the court erred in refusing to allow the amendment, by inserting the names of Williams and Thomas, after permitting plaintiff, on his own motion, to strike from the declaration those of Rutherford and R. F. Patterson.

(2.) In refusing plaintiff's motion to take either a special or general judgment, or both, against R. A. Patterson.

(3.) In dismissing the suit upon defendant's motion.

1. The insertion of other names than those stricken on motion would, as it seems to us, have amounted to the addition of new and distinct parties as defendants, which could not be done, unless it had been expressly provided for by law (Code, §3480), and we are not aware of any provision of law which, under the facts in proof, would allow it to be done, unless it be permissible under §3484 of the

Code, which relates to the addition of the names of parties omitted in suits by or against partners. No omission, however, is shown. The proof establishes the fact that the suit was against the wrong partnership—one which was not the plaintiff's debtor. Surely a suit brought against A. could not, under this power of amendment, be converted into one against B., who had never been served and had never appeared or authorized any one to appear and plead for him; so if one firm be sued, the action cannot be so changed by amendment as to make another firm, composed in part of other and distinct individuals from those mentioned in the suit, liable.

2. A suit against a partnership can scarcely be turned into one against one of the members of the firm; and especially is this true where the foundation of the suit is an attachment, which has been so far turned into a common law suit as to give to the plaintiff a right to enter both a special judgment upon the bond and a general judgment against the defendants in the attachment. The sureties became bound for the firm, and not for any individual member thereof, and this repels the ability of the court to give judgment against them on their obligation, where, by amendment, all of them except one is dropped from the action. They entered into no such engagement, and have a right to stand upon the terms of their obligation. And as to the general judgment against the only party retained by the amendment made, we think that could be hardly rendered against him, unless it was shown that he, and not the firm of which he was a member, had by his bond consented that the suit might proceed against him as an individual. It is generally true, that where the suit is against a partnership, all the members thereof must be in the action, unless there is some sufficient reason recognized by the law for omitting one or more of them, and that the reason for so doing should be alleged in the pleadings, or should otherwise appear on the face of the proceeding.

3. This being the case, we are led to the conclusion that there was no error in the several rulings of the court, and that none of the exceptions taken to the ultimate judgment, or the several steps that led to it, can be sustained.

Judgment affirmed.