## DOODY COMPANY *v.* JEFFCOAT.

1. A suit against a partnership composed of two partners is not subject to abatement for the reason that a former suit had been brought by the plaintiff against one of the members as an individual, upon the same account, which had been dismissed, and the plaintiff had failed to pay the costs of the same or file a pauper affidavit before the institution of the suit against the partnership.

2. Where two are sued as partners, the plaintiff may strike one of the defendants and obtain a judgment against the remaining sole defendant, provided the evidence shows a several liability upon his part.

Submitted July 18, 1906.—Decided January 15, 1907.

Certiorari. Before Judge Littlejohn. Sumter superior court. December, 1905.

The W. A. Doody Company brought suit, in a justice's court, against Mrs. A. S. Jeffcoat and M. J. Patterson, doing business under the firm name of Patterson Auction Company, upon an account. To this suit Mrs. Jeffcoat filed a plea in abatement, that a former suit had been brought upon the same account, by the plaintiff, against M. J. Patterson, doing business under the name of Patterson Auction Company, which had been dismissed, and the plaintiffs had not paid the costs and had not filed an affidavit of inability, from poverty, to pay the costs, prior to the institution of the present suit. The justice overruled the plea in abatement. The plaintiff then moved to strike from the case the name of M. J. Patterson, leaving the suit to proceed against Mrs. Jeffcoat alone. To this Mrs. Jeffcoat objected, and the court overruled the objection and granted the motion. Judgment was then rendered against her. The case was carried, by certiorari, to the superior court, error being assigned upon the rulings above referred to, and to the judgment rendered. The judge sustained the certiorari, upon the ground that the justice erred in overruling the plea in abatement; and made a final judgment, dismissing the case. The Doody Company excepted.

*Lane & Maynard* and *Hardeman & Jones,* for plaintiff.

*Shipp & Sheppard,* for defendant.

COBB, P. J.   (After stating the facts.)

1. The only questions argued in the briefs are those relating to the overruling of the plea in abatement and the striking of the name of the defendant Patterson, thus allowing the suit to proceed against Mrs. Jeffcoat alone.   The first suit was against Patterson as an individual.   It is true that he was described as doing business in the name of the Patterson Auction Company, but it was none the less a suit against Patterson as an individual.   The second suit was a suit against a partnership.   It is true that this partnership was alleged to have the same name as that under which Patterson, in the first suit, was declared to be doing business; and it is true that each suit was founded upon the same account; but the suits were not identical.   A suit against an individual is a different thing from a suit against a partnership of which that individual happens to be a member.   The code provides that when a suit has been dismissed by the plaintiff he "may recommence his suit on the payment of costs."   Civil Code, § 5043.   This, of course, means the identical suit, and has no application where the second suit is substantially different from the one that has been brought and dismissed.   See, in this connection, *White* v. *Moss,* 92 *Ga.* 244 (2) ; *Ford* v. *Clark,* 75 *Ga.* 612.   If the plaintiff had stricken Mrs. Jeffcoat as a defendant, leaving the suit to proceed against Patterson, a more difficult question would have arisen.

2. In *Francis* v. *Dickel,* 68 *Ga.* 255, it was held that if two or more defendants are sued as partners, and it appears, on the trial, that some of them are liable and others are not, the suit will not be abated or be quashed on that account, but may proceed against the other defendants.   It was said that in such case the party not liable should be stricken, but if there was no objection to the evidence showing that only one was liable, the verdict against the defendant shown to be liable would not be set aside on the ground that the other party had not been stricken.   In this case only two persons were served, and judgment was rendered against one only.   If there is anything in the case of *Howes* v. *Patterson,* 76 *Ga.* 689, which conflicts with this decision, it must yield to the older ruling.   See, in this connection, *Waldrop* v. *Wolff,* 114 *Ga.* 617 ; *Lippincott* v. *Behre,* 122 *Ga.* 546.   The judge erred in sustaining the cer-

tiorari on the ground that the costs in the former suit had not been paid.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*