## 29258. GILMER v. PORTERFIELD.

HILL, Justice.

This case came to this court on certiorari. The statement of facts by the Court of Appeals is restated here for convenience with slight modification.

In a prior diversity of citizenship case brought in the United States District Court for the Middle District of Georgia, Otis Porterfield and his wife sought recovery

from Philco Distributors, Inc., based solely upon the alleged negligence of Philco's servant, Jeffrey Gilmer, in causing a rear end collision between Philco's automobile being operated by Gilmer and the Porterfield truck being operated by Mr. Porterfield in which his wife was a passenger. Gilmer was not joined as a party defendant, apparently because of a lack of diversity of citizenship, the Porterfields and Gilmer all being Georgia residents. In that case Philco accepted responsibility for any negligence of Gilmer under the doctrine of respondeat superior; plaintiffs' proffer of evidence as to Gilmer's admission of negligence or declarations against interest at the scene was ruled inadmissible as against Philco, the master and sole defendant; the jury was charged the doctrine of comparative negligence vis-a-vis Gilmer and Mr. Porterfield; the jury returned a verdict in favor of Mrs. Porterfield on her claim but, apparently as a result of the comparative negligence charge, in favor of Philco on Mr. Porterfield's claim; and the judgment became final.

Mr. Porterfield then instituted the present action against Gilmer based upon the same acts of negligence involved in the prior case against Gilmer's master, Philco, and was confronted in Gilmer's first defense with a plea of "res judicata and/or estoppel by judgment and/or the law of the case and/or the fact that all of these matters were either previously litigated or could have been litigated previously." Plaintiff Porterfield and defendant Gilmer both moved for summary judgment as to Gilmer's first defense; the trial court granted Gilmer's motion upholding the defenses of res judicata, etc., and denied the motion of Porterfield. Porterfield complains of both rulings, having obtained a certificate of immediate review as to the denial of his motion.

Porterfield contends, inter alia, that the trial court's ruling was erroneous since Gilmer's admissions of negligence or declarations against interest at the scene, ruled inadmissible as against Philco on the prior trial, would be admissible against Gilmer in the instant suit, thus affecting and adding to the quantum and quality of proof on the issue of Gilmer's negligence.

In a 5 to 3 decision (*Porterfield v. Gilmer,* 132 Ga. App. 463 (208 SE2d 295)), the Court of Appeals reversed,

denying to the defendant the defenses of res judicata and estoppel by judgment, finding itself bound by this court's adherence to the mutuality rule. That rule, as expressed by the Court of Appeals, is as follows: "The general rule is 'that the operation of the doctrine of res judicata [or estoppel by judgment] must be mutual, and that one of the essential elements of the doctrine is that both the litigants must be alike concluded by the judgment, or it binds neither. Under this rule, if a judgment cannot be effective as res judicata *against* a person, he may not *avail himself* of the adjudication and contend that it is available to him as res judicata against others.' 46 AmJur2d, Judgments, § 521 (Emphasis supplied.)"

The Court of Appeals found that the federal court judgment was not effective as res judicata or estoppel by judgment against Gilmer and that consequently Gilmer could not avail himself of that judgment, in view of the requirement of mutuality.

However, some of the decisions of this court, in which the Court of Appeals found the mutuality requirement, involved estoppels as to recitals in deeds and as to admissions in judicio. Other such decisions involved lack of privity as well as estoppel.

We deal here with a suit by a person against an employee following an unsuccessful suit against the employer. The employee has not previously been required to defend himself. The plaintiff did not obtain a recovery in the prior suit so no question as to double recovery is presented.

1. The first question for decision in this case is whether mutuality is an essential element to a plea of res judicata or estoppel by judgment made by an employee who was not a party to the prior negligence suit.

*Case 1:* We start by affirming the rule that where the liability of the master to an injured third person is purely derivative and dependent entirely upon the doctrine of respondeat superior, a judgment on the merits in favor of the servant and against the third person is res judicata in favor of the master in a suit by such third person, though the master was not a party to the action against his servant. See *Roadway Express v. McBroom,* 61 Ga. App. 223 (6 SE2d 460). See also Code § 110-501.

*Case 2:* However, this is not to say that the master was bound by that judgment in order to use it as res judicata, for the master could still sue the third person for damages to his vehicle or other property damaged in the collision, certainly where the former adjudication favored the servant and even where it went against him. Due process of law requires that the master, not having been a party to the prior adjudication, have his day in court.

Having established in Case 1 above one agreed application of the doctrine of res judicata, and having established in Case 2 above that mutuality was not a requirement in Case 1, we cannot unswervingly adhere to a rule of mutuality as it relates to res judicata.

Therefore, alleged lack of mutuality should not preclude the servant in the instant case from asserting the plea. If such plea of res judicata is to be denied the servant, it is on grounds other than lack of mutuality.

2. Read together and affirmatively, Code §§ 110-501 and 110-503 provide that a judgment on the merits of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue, in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside. These two sections of our Code provide the primary basis for our laws relating to conclusiveness of judgments. See also Code §§ 3-607, 38-623, and 105-1805.

Code § 110-501 does not refer to mutuality; it does refer to privity.

The test of privity is to determine whether one has privity with another, not whether the other has privity with the one, and then assume that such privity is reciprocal. *Walka Mtn. Camp v. Hartford Acc. &c. Co.,* 222 Ga. 249, 251 (149 SE2d 365).

Although a master has privity with his servant and can claim the benefit of an adjudication in favor of the servant (*Roadway Express v. McBroom,* 61 Ga. App. 223, supra, p. 227), a servant is not in privity with the master so as to be able to claim the benefit of an adjudication in favor of the master. *Hunter v. Embree,* 122 Ga. App. 576 (178 SE2d 221). See also *Davis v. Bryant,* 117 Ga. App. 811 (162 SE2d 249).

In the instant case, defendant Gilmer lacks that privity necessary to raise the bar of res judicata or estoppel by judgment (law of the case being inapplicable, 21 CJS 330, Courts, § 195 (a); Code Ann. § 81A-160 (h)). The judgment of the Court of Appeals is therefore affirmed.

*Judgment affirmed. All the Justices concur, except Jordan, J., who dissents.*

ARGUED NOVEMBER 12, 1974 — DECIDED FEBRUARY 11, 1975.

*Long, Weinberg, Ansley & Wheeler, Sidney O. Wheeler, George Connell,* for appellant.
*William O. Carter,* for appellee.