38640, 38641. McNEAL v. PAINE, WEBBER, JACKSON & CURTIS, INC. et al.; and vice versa.

CLARKE, Justice.

McNeal, a customer of Paine, Webber (a securities broker-dealer), filed a suit in federal court against Paine, Webber alleging violations of Section 10 (b) of the Securities and Exchange Act of 1934, 15 USCA § 78J (b) and S. E. C. Rule 10b-5 [17 CFR § 240.10b-5]. In the federal action McNeal contended that Paine, Webber's employee Skone had illicitly "churned" McNeal's file to generate commissions. Damages sought represented the amount allegedly lost by McNeal as a result of Skone's activities. The parties stipulated at trial that proof of churning would render Paine, Webber liable on a theory of respondeat superior. Paine, Webber won a favorable verdict.

On the same day that the federal suit was filed, McNeal filed suit in the State Court of Fulton County against Paine, Webber and Skone (who was not a party to the federal action). The complaint, which alleged fraud and breach of fiduciary duty by Skone, was amended to add a count alleging negligence.

Paine, Webber and Skone filed motions for summary judgment on the basis of collateral estoppel and res judicata. Both motions were denied. The Court of Appeals reversed the denial of summary judgment as to Paine, Webber and affirmed the denial of summary judgment as to Skone. The reversal of the trial court's denial of summary judgment as to Paine, Webber is appealed by McNeal in No. 38640. The affirmance of the trial court's denial of summary judgment as to its employee Skone is appealed by Paine, Webber in No. 38641.

1. McNeal challenges the Court of Appeals' holding that res judicata bars his claim against Paine, Webber on the basis that the

federal and state claims constitute separate and distinct causes of action with different elements. McNeal insists that the application of res judicata to a situation like the present one forces a plaintiff with a claim over which the federal courts have exclusive jurisdiction into a dilemma. He must either forgo the federal claim entirely or depend upon the exercise of pendent jurisdiction by the federal court for a hearing on his state claim. McNeal complains that this leaves the fate of plaintiff's state law claim within the sole discretion of the federal court.

This court has held in *Pope v. City of Atlanta,* 240 Ga. 177 (240 SE2d 241) (1977), and, more recently, in *Hill v. Wooten,* 247 Ga. 737 (279 SE2d 227) (1981), that ". . . where a party fails to present a state law claim in federal court, a later suit in the state courts will be barred if the state claim could have been litigated in the federal court under its pendent jurisdiction." *Hill v. Wooten,* supra at 738.

McNeal contends that the state law claims and the federal law claims constitute separate causes of action and that for that reason res judicata is not applicable here. The adoption of the Federal Rules of Civil Procedure and the Georgia Civil Practice Act represent an attempt to end esoteric controversies concerning what constitutes a "cause of action." United Mine Workers v. Gibbs, 383 U. S. 715 (86 SC 1130, 16 LE2d 218) (1966); Fed. Rules Civ. Proc. 2, 18-20, 42; Code Ann. §§ 81A-102, 81A-118—120, 81A-142. "Pendent jurisdiction, in the sense of judicial *power,* exists whenever there is a claim 'arising under (the) Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority. . . .' U. S. Const., Art. III, § 2, and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.' " United Mine Workers v. Gibbs, supra at 725. In order for the federal and state questions to be considered as one "case," the federal question must be sufficiently substantial to confer subject matter jurisdiction, and the federal and state claims "must derive from a common nucleus of operative fact." Id. That being true here, the federal court would have exercised its pendent jurisdiction over McNeal's state claims. Consequently, the adjudication of his federal claims against Paine, Webber bars pursuit of Paine, Webber in state court by operation of the doctrine of res judicata. *Hill v. Wooten,* supra; *Pope v. City of Atlanta,* supra. Accordingly, in Case No. 38640, the opinion of the Court of Appeals should be affirmed.

2. Skone argues that the federal court action adjudicating Paine, Webber's liability operates as a bar to a subsequent state court action against him because of res judicata or estoppel by judgment. The Court of Appeals held that our decision in *Gilmer v. Porterfield,*

233 Ga. 671 (212 SE2d 842) (1975), controls the question and that under its holding Skone's motion for summary judgment was properly denied by the trial court. In *Gilmer v. Porterfield,* supra, we held that a claim against an employee is not barred by res judicata or estoppel by judgment because of litigation of the employer's liability. Skone argues that *Gilmer* should be overruled as no longer viable. We do not overrule *Gilmer,* but we find it can be distinguished from the case before us. In *Gilmer,* the principal had defenses available to him that were not available to the agent, and it would have been unjust to refuse to allow the plaintiff to proceed against the agent in state court. Here, such an injustice does not exist. There were no defenses available to Paine, Webber which were unavailable to Skone. In fact, the parties to the federal action stipulated that Skone was acting within the scope of his employment and that if he were liable Paine, Webber would be liable. Therefore, since all of the issues which could have imposed liability upon Skone were litigated in the federal case, the rule of *Gilmer v. Porterfield,* supra, does not apply here.

To allow this case to proceed against Skone would create a framework under which a plaintiff could consciously design a legal strategy which would allow him two shots at the same target. In gaming and sports there may be such a thing as the best two out of three, but not even those circles recognize the best one out of two. The Court of Appeals erred in affirming the trial court's denial of his motion for summary judgment. Accordingly, the judgment in Case Number 38641 must be reversed.

*Judgment affirmed in Case No. 38640; reversed in Case No. 38641. All the Justices concur, except Smith, J., who dissents.*

DECIDED JULY 8, 1982.

*Edward L. Savell,* for appellant.
*Gary W. Hatch, Dom H. Wyant, William L. Ballard,* for appellees.