A93A1446. HODO v. GENERAL HOSPITALS OF HUMANA, INC.
(438 SE2d 378)

BLACKBURN, Judge.

The appellant, Inez Hodo, commenced this action against General Hospitals of Humana, Inc. (Humana), to recover for injuries she sustained while undergoing physical therapy at Humana. In answering the complaint, Humana asserted Hodo's failure to attach an expert's affidavit as required under OCGA § 9-11-9.1 in professional malpractice actions. After discovery was completed, Humana moved for summary judgment, which was granted by the trial court, and this appeal followed.

The record shows that Hodo, who was a double amputee of her legs due to complications of diabetes, went to Humana on October 7, 1991, for physical therapy to learn how to walk with a prosthesis. According to the director of Humana's physical therapy department, physical aides normally assist physical therapy patients during walking exercises, but only after a licensed physical therapist first evaluated the individual patient's capacity and needs.

On the day in question, Elijah Basa, a licensed physical therapist, was making such an evaluation as he assisted Hodo at some parallel bars. During that session, Hodo fell as she attempted to turn around. There was some dispute as to whether Basa properly held onto Hodo at the time of the fall.

In its order granting summary judgment for Humana, the trial court did not elaborate on the grounds for its determination. However, in its subsequent order denying Hodo's motion for reconsideration, the trial court found that Hodo's action sounded in professional malpractice, that Hodo had not filed an expert's affidavit as required in professional malpractice actions, and that Hodo failed to rebut Humana's evidence that Basa had complied with the applicable standard of care for licensed physical therapists.

1. We reject Hodo's initial contention that the trial court erred in considering Humana's motion for summary judgment because it was untimely. The motion was filed on December 30, 1992, only 11 days after the discovery period was completed. Because the case was placed on the trial calendar for January 11, 1993, Humana also filed a motion for continuance at that time. However, the trial court never ruled on that motion because Hodo's case, which was last on the calendar, was never called for trial on January 11, 1993, and summary judgment for Humana was entered on February 2, 1993, before the case was rescheduled for trial.

Uniform State Court Rule 6.6 provides that "[m]otions for summary judgment shall be filed sufficiently early so as not to delay the trial. No trial shall be continued by reason of the delayed filing of a motion for summary judgment." In the instant case, Humana's filing of the motion for summary judgment only 11 days after completion of the discovery period was not untimely, without more, and inasmuch as the case was never reached on the trial calendar for January 11, 1993, there was no continuance of the trial due to the filing of that motion. See generally *Hendrickson v. Pain Control &c. Institute of Ga.*, 205 Ga. App. 843 (3) (424 SE2d 27) (1992).

2. Hodo contends that her cause of action asserted simple negligence, not professional malpractice, and that the trial court thus erred in granting summary judgment for Humana due to her failure to provide an expert's affidavit. We also find that contention to be without merit.

"We note at the outset that a failure to comply with the pleading requirements of OCGA § 9-11-9.1 would *not* authorize the grant of *summary judgment*. See *Robinson v. Starr*, 197 Ga. App. 440, 441 (2) (398 SE2d 714) (1990). However, we will address the merits of this appeal as if the trial court had dismissed [Hodo's] complaint rather than granted summary judgment in [Humana's] favor." *Druckman v. Ethridge*, 198 Ga. App. 321 (1) (401 SE2d 336) (1991).

Physical therapists must be licensed pursuant to OCGA § 43-33-11, and thus are "professionals" within the intendment of OCGA § 9-11-9.1. *Gillis v. Goodgame*, 262 Ga. 117 (414 SE2d 197) (1992). Under OCGA § 9-11-9.1 (a), in any action for damages alleging professional malpractice, the plaintiff must file with the complaint an affidavit of an expert setting forth at least one negligent act and the factual basis for such. The failure to comply with that affidavit requirement subjects a complaint to dismissal for failure to state a claim, which is a dismissal on the merits. *Lutz v. Foran*, 262 Ga. 819 (4) (427 SE2d 248) (1993).

Where the alleged negligence does not involve the exercise of professional judgment and skill, the cause of action is in simple negligence, and no expert's affidavit is necessary. *Lutz v. Foran*, supra. However, in the instant case, Hodo's physical capacity was the determinative factor as to the degree of supervision to be accorded her during physical therapy, and Basa's evaluation of her capacity during the initial session required the exercise of his professional judgment. See *General Hospitals of Humana v. Bentley*, 184 Ga. App. 489 (361 SE2d 718) (1987). As such, Hodo's action against Humana alleged professional malpractice, and her failure to file an expert's affidavit pursuant to OCGA § 9-11-9.1 required dismissal of her complaint.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 3, 1993 —
RECONSIDERATION DENIED NOVEMBER 17, 1993.

*Cuffie & Smith, Thomas F. Cuffie, Rufus Smith, Jr.*, for appellant.

*Smith, Gambrell & Russell, David M. Brown, Samuel D. McLean, Jr.*, for appellee.