A93A1480. BLOCK v. WOODBURY et al.
(438 SE2d 413)

POPE, Chief Judge.

Plaintiff appeals from the trial court's grant of summary judgment for defendants John R. Woodbury and DFS Services, Inc. ("DFS") and denial of partial summary judgment for plaintiff.

Defendant DFS and Patstone Development Corporation ("PDC") created Morgan Farm Associates, a joint venture formed for the purpose of purchasing and developing Morgan Farm Subdivision. Pursuant to the "Development Agreement" between Morgan Farm Associates and PDC, PDC was hired, purportedly as an independent contractor, as the developer. Defendant Woodbury was president and sole shareholder of PDC, and was the individual most actively involved in the day-to-day work of developing the community. Plaintiff and her husband purchased a lot in Morgan Farm Subdivision subject to various restrictive covenants. Their building plans were approved, and they hired a builder who began construction on their home. There is evidence that Woodbury, who was also Chairman of the Morgan Farm Architectural Control Committee ("the Committee"), repeatedly came by the building site, criticizing various aspects of the house and complaining that the house violated certain restrictive covenants. At times he made plaintiff's builder stop work, and he wrote the bank financing her loan to tell them she was having problems with construction. Plaintiff alleges that Woodbury knew plaintiff's family was having trouble with its temporary housing and was desperate to move into the new home as soon as possible. Plaintiff further alleges he exploited that knowledge to pressure plaintiff into doing things his way and make her life miserable during the construction period.

Eventually PDC and the Committee sued plaintiff and her husband for violating restrictive covenants in their deed. Plaintiff and her husband then counterclaimed for intentional infliction of emotional distress and abusive litigation, alleging that Woodbury, as agent of both PDC and the Committee, maliciously harassed, intimidated and humiliated them. Mediation resulted in the settlement of this action, with all parties voluntarily dismissing their claims with prejudice. Plaintiff then brought this action against Woodbury individually and DFS based on the same alleged misconduct of Woodbury. Defendants moved for summary judgment based on res judicata and collateral estoppel, and DFS moved for summary judgment on the additional ground that DFS was not responsible for the actions of Woodbury because Woodbury was an independent contractor. Plaintiff moved for partial summary judgment with respect to defendants' res judicata/collateral estoppel and independent contractor defenses. Defendants' motion was granted, and plaintiff's motion was denied.

1. Plaintiff first contends that summary judgment was not properly granted based on res judicata or collateral estoppel. We agree. Collateral estoppel (issue preclusion) cannot apply in this situation because the issues raised in this case — whether Woodbury is liable for committing the alleged acts and whether DFS is also responsible therefor — have not been actually adjudicated, and " 'collateral estoppel . . . only precludes readjudication of an issue already adjudicated between the parties or their privies in a prior action.' " (Citations omitted.) *Stiltjes v. Ridco Exterminating Co.*, 197 Ga. App. 852 (399 SE2d 708) (1990). Res judicata (claim preclusion) may apply to bar litigation of claims which *could* have been adjudicated in a prior action even if they were not, but only if the earlier suit was between the same parties or their privies. See *Roberts v. Porter, Davis &c.*, 193 Ga. App. 898 (389 SE2d 361) (1989); OCGA § 9-12-40. Woodbury posits that because PDC was a party to the prior action and he is PDC's president and sole shareholder, he should be considered a privy of PDC. In allegedly trespassing, harassing plaintiff and interfering with the building of her home, Woodbury was acting as agent and employee of PDC. "Although a master has privity with his servant and can claim the benefit of an adjudication in favor of the servant (cit.), a servant is not in privity with the master so as to be able to claim the benefit of an adjudication in favor of the master." *Gilmer v. Porterfield*, 233 Ga. 671, 674 (2) (212 SE2d 842) (1975); see also *Anderson Oil Co. v. Benton Oil Co.*, 246 Ga. 304, 306 (2), n. 6 (271 SE2d 207) (1980) (president of corporation who is sued individually is not in privity with corporation for res judicata and collateral estoppel purposes). *McNeal v. Paine, Webber &c.*, 249 Ga. 662 (2) (293 SE2d 331) (1982), which distinguished *Gilmer* and held that an employee was in privity with his employer for purposes of res judicata, is in

turn distinguishable from this case because *McNeal* involved issue rather than claim preclusion. In *McNeal*, the employer obtained a favorable verdict after acknowledging that if the employee was liable, it was liable. Thus, the prior adjudication in favor of the employer necessarily determined that the employee was not liable, and the plaintiff was precluded from relitigating the issue of the employee's liability.

Nor does the fact that DFS is PDC's partner in the Morgan Farm joint venture mean that the two have the "mutual or successive relationship to the same rights" necessary to establish privity. See *Roberts*, 193 Ga. App. at 901 (1); *Smith v. Wood*, 115 Ga. App. 265 (4) (154 SE2d 646) (1967). Partners do not have identical rights, and the dismissal of an action against one partner does not bar subsequent suit against the partnership or another partner. See *Doody Co. v. Jeffcoat*, 127 Ga. 301 (56 SE 421) (1907); *Foster v. Silvey*, 104 Ga. App. 185 (1) (121 SE2d 263) (1961).[1]

Defendants' assertion that plaintiff's claims against them were compulsory counterclaims under OCGA § 9-11-13 is also without merit, as parties need only bring claims they have "against any opposing party" under this provision. Defendants were not parties to the prior suit; nor were they necessary parties to the plaintiff's counterclaims in that suit. See OCGA § 9-11-19.

A dismissal of an action against one defendant with prejudice does not preclude a plaintiff from bringing an action based on the same facts against another defendant. *Rowland v. Vickers*, 233 Ga. 67 (209 SE2d 592) (1974). Accordingly, summary judgment based on res judicata or collateral estoppel was improper.

2. Summary judgment for DFS based on its independent contractor defense was also unwarranted. It is undisputed that DFS and PDC were partners in Morgan Farm Associates, a joint venture formed to purchase and develop Morgan Farm Subdivision. Moreover, it seems clear that if Woodbury committed wrongful acts against plaintiff as alleged, he did so as PDC's agent while "acting in the ordinary course of the business of the [joint venture]." OCGA § 14-8-13; see *Bowman v. Fuller*, 84 Ga. App. 421, 426 (1) (66 SE2d 249) (1951) (where joint venture is established, general laws of partnerships and agency apply). A partner in a joint venture is liable for the wrongful acts of its partner committed in the ordinary course of busi-

---

[1] This does not mean, of course, that a plaintiff can sue one partner after another in the hope of eventual victory. To the extent the issue of liability is adjudicated, issue preclusion will apply. And if a settlement is reached, the release agreement can be worded to release all partners and other possible defendants; but the release agreement in this case did not do so. See *Lackey v. McDowell*, 262 Ga. 185 (415 SE2d 902) (1992) (only parties actually named in release agreement are released).

ness of the joint venture and cannot avoid this liability by an agreement between the partners that one of the partners will carry out the business of the joint venture as an independent contractor. See OCGA § 14-8-13 (when partner acting in ordinary course of partnership business commits wrongful acts, partnership is liable for damage caused thereby to same extent as partner committing the wrongful acts); OCGA § 14-8-15 (all partners are jointly and severally liable for all obligations of partnership); OCGA § 14-8-9 (1) (partner is agent of partnership for purpose of carrying on its business, unless that partner has no authority to act for the partnership and the person he is dealing with is aware that he has no authority). It is undisputed that plaintiff was unaware of the Development Agreement. Thus, DFS cannot rely on the provision of the Development Agreement stating that PDC was carrying on the business of the joint venture as an independent contractor to shield itself from liability.

3. Contrary to defendants' assertions, plaintiff's evidence, viewed in a light most favorable to plaintiff and with all reasonable inferences drawn in her favor, is not contradictory and supports her allegations.

4. For the reasons discussed in Divisions 1 and 2, summary judgment for defendants should have been denied and partial summary judgment for plaintiff on defendants' res judicata and independent contractor defenses should have been granted.

5. Defendants' motion to penalize plaintiff for a frivolous appeal is denied.

*Judgment reversed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED DECEMBER 1, 1993.

*John W. Mrosek*, for appellant.
*Chambers, Mabry, McClelland & Brooks, Walter B. McClelland, Cynthia J. Becker*, for appellees.