A94A0707. SORRELLS CONSTRUCTION COMPANY, INC.
v. CHANDLER ARMENTROUT & ROEBUCK, P.C.
(447 SE2d 101)

POPE, Chief Judge.

This appeal involves the res judicata and collateral estoppel effects of a voluntary dismissal with prejudice, specifically in the context of co-defendants who are principal and agent. Relying on the doctrine of res judicata, the trial court held that plaintiff's voluntary dismissal of its claim against the principal barred pursuit of its claim against the agent. We disagree and reverse.

The parties' dispute arose out of construction work at the Athens Transit System Headquarters.[1] The City of Athens ("the City") hired defendant Chandler Armentrout & Roebuck, P.C. ("CAR") to produce plans and specifications for the project, and hired plaintiff Sorrells Construction Company, Inc., a general contractor, to use those plans and specifications to perform the actual work. When the plans and specifications provided by CAR proved to be faulty, plaintiff sued CAR and the City.[2] Prior to trial, however, plaintiff dismissed the City as defendant with prejudice, in a document explicitly stating that "[t]his voluntary dismissal shall not and does not [a]ffect [p]laintiff's complaint against [d]efendant [CAR]." The trial court denied CAR's pre-trial motion to dismiss plaintiff's complaint on res judicata grounds. However, it reached a different conclusion when CAR raised the same issue in a directed verdict motion at the end of plaintiff's case, ruling that CAR should receive the benefit of plaintiff's voluntary dismissal of its claim against the City.

The law of res judicata and collateral estoppel is somewhat confusing, primarily due to our failure to clearly and consistently distinguish the two separate doctrines. The former, also known as claim preclusion, requires a plaintiff to bring all his claims against a party (or its privies) arising out of a particular set of circumstances in one action; while the latter, sometimes called issue preclusion, prevents relitigation of an issue already litigated by the parties (or their privies). In other words, "[u]nder the doctrine of res judicata, a judgment

---

[1] Plaintiff appeals the trial court's grant of defendant's motion for a directed verdict. We therefore view the evidence in a light most favorable to plaintiff. See *Francis v. Cook*, 248 Ga. 225 (1) (281 SE2d 548) (1981).

[2] After hiring plaintiff and CAR, the City was succeeded as governing authority by the Unified Government of Athens-Clarke County. For convenience, in this opinion we refer to both the City and its successor entity as "the City."

on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action. Under the doctrine of collateral estoppel, on the other hand, the second action is upon a different cause of action and the judgment in the prior suit precludes relitigation of issues actually litigated and necessary to the outcome of the first action. [Cits.]" *Parklane Hosiery Co. v. Shore*, 439 U. S. 322, 326, n. 5 (99 SC 645, 58 LE2d 552) (1979); see also *Block v. Woodbury*, 211 Ga. App. 184 (1) (438 SE2d 413) (1993). As no issues were litigated and necessarily decided when plaintiff voluntarily dismissed its action against the City, the possibility of applying issue preclusion is easily eliminated. Thus, if plaintiff's action is to be barred, it would have to be on the basis of claim preclusion.

Claim preclusion will bar a plaintiff's action if the plaintiff has brought another action based on the same subject matter, the plaintiff had a full and fair opportunity to litigate the other action, the other action resulted in an adjudication on the merits, *and* the other action was against the same defendant or its privy. See *Fowler v. Vineyard*, 261 Ga. 454 (1) (405 SE2d 678) (1991); OCGA § 9-12-40. Plaintiff's claims against the City and CAR involve the same subject matter, and although plaintiff did not litigate its claims against the City, it had the opportunity to do so. And contrary to plaintiff's assertion, a voluntary dismissal with prejudice is a final adjudication on the merits for purposes of claim preclusion. See *Fowler*, 261 Ga. at 456 (2).

However, the City and CAR are neither identical parties nor privies. In supplying plaintiff with allegedly deficient plans and specifications, CAR was acting as the City's agent. "Although a master has privity with his servant and can claim the benefit of an adjudication in favor of the servant (cit.), *a servant is not in privity with the master so as to be able to claim the benefit of an adjudication in favor of the master.*" (Emphasis supplied.) *Gilmer v. Porterfield*, 233 Ga. 671, 674 (2) (212 SE2d 842) (1975). *McNeal v. Paine, Webber &c.*, 249 Ga. 662 (2) (293 SE2d 331) (1982) created an exception to the general rule of *Gilmer* by distinguishing *Gilmer* and holding that an employee could be in privity with his employer. However, *McNeal* is in turn distinguishable from this case because *McNeal* involved issue preclusion rather than claim preclusion. There, the employer obtained a favorable jury verdict after acknowledging that if the employee was liable, it was liable. Thus, the prior adjudication in favor of the employer necessarily determined that the employee was not liable, and the plaintiff was precluded from relitigating this actually litigated and necessarily decided issue.

This distinction is an important one in terms of the policies underlying issue and claim preclusion. As the purpose of issue preclusion is to avoid relitigation of already litigated and necessarily de-

cided issues, it is not illogical to determine privity on the basis of identical interests in the outcome of litigation and identical availability of defenses and evidence — in short, identical issues to be litigated. The purpose of claim preclusion, on the other hand, is to encourage plaintiffs to bring all their claims against a particular party in one action rather than separate actions. Similarity of issues bears little or no relationship to this purpose, so it makes no sense to use it as a basis for privity in this context. Moreover, the result in the trial court in this case exemplifies the danger of blindly taking rules or exceptions applicable to issue preclusion and applying them to claim preclusion: the promulgation of a rule which would make it impossible to voluntarily dismiss a claim against a principal without losing the claim against the agent, even though settlements and voluntary dismissals are clearly desirable. See *Robinson v. Robinson*, 261 Ga. 330, 331 (404 SE2d 435) (1991) (expressing "strong public policy" of encouraging settlements); cf. also *Posey v. Med. Center-West*, 257 Ga. 55, 58 (354 SE2d 417) (1987) (stating plaintiff ought to be able to release one defendant without releasing another, at least until he has full satisfaction of his claim).

Thus, unless an agent and principal otherwise have the " 'mutual or successive relationship to the same rights' " necessary to establish privity, see *Block v. Woodbury*, 211 Ga. App. at 186 (1), the general rule that a servant is not in privity with his master applies for purposes of claim preclusion. CAR's reliance on *Nannis Terpening & Assoc. v. Mark Smith Constr. Co.*, 171 Ga. App. 111 (318 SE2d 89) (1984) is misplaced because despite the superficial similarity in contextual facts (i.e., it was also a construction contract dispute between a general contractor and the preparer of allegedly faulty plans and specifications), *Nannis* also involved issue rather than claim preclusion. Moreover, the prior action in *Nannis* resulted in an award against rather than for the principal, and that award fully satisfied the claim plaintiff sought to pursue against the agent. The pertinent facts in this case are instead quite similar to those in *Block v. Woodbury*, in which we held that a plaintiff's claims against a corporation's agent were not barred by a voluntary dismissal of those same claims with prejudice against the corporation. See 211 Ga. App. at 185-186.

*Judgment reversed. McMurray, P. J., and Smith, J., concur.*

DECIDED JULY 6, 1994 —
RECONSIDERATION DENIED JULY 28, 1994 —

*D. Michael Sweetnam*, for appellant.
*Webb, Carlock, Copeland, Semler & Stair, Kent T. Stair, R.*

*Michael Ethridge, Gregory H. Wheeler,* for appellee.