### A94A1262. HODO v. BASA.
(449 SE2d 523)

SMITH, Judge.

This is the second action arising out of an incident at Humana Hospital-Newnan in which Inez Hodo was injured. We conclude that the dismissal of Hodo's first action for failure to file an affidavit pursuant to OCGA § 9-11-9.1 is res judicata here, and we affirm the trial court's grant of summary judgment on that basis.

During a physical therapy session conducted by Elijah Basa at the hospital, Hodo fell and was injured. She brought suit in Fulton County State Court against Humana Hospital-Newnan, alleging negligence on the part of the hospital in conducting the physical therapy. As the action progressed, it became apparent that Hodo was alleging negligence on the part of Elijah Basa and seeking to hold the hospital liable through the doctrine of respondeat superior. The hospital moved for summary judgment on three grounds: first, that Hodo failed to comply with the affidavit requirement of OCGA § 9-11-9.1; second, that Hodo failed to show negligence on the part of the physical therapist; and third, that Hodo had failed to show causation.

The trial court granted the hospital's motion in a brief order. On motion for reconsideration, the trial court clarified its original order, noting that Hodo's claim was based on the alleged professional negligence of Basa and an affidavit therefore was required under OCGA § 9-11-9.1. The court also noted there was undisputed testimony that Basa complied fully with the appropriate standard of care. Hodo appealed to this court. In *Hodo v. Gen. Hosps. of Humana,* 211 Ga. App. 6 (438 SE2d 378) (1993), this court affirmed on the basis of Hodo's failure to comply with the affidavit requirement, treating the order as a dismissal for failure to state a claim under OCGA § 9-11-9.1. The opinion notes that the claim was based upon Basa's exercise of professional judgment. 211 Ga. App. at 8.

While the first action was on appeal, Hodo brought another action in the Superior Court of Floyd County, naming Basa as the sole defendant and alleging negligence in providing physical therapy. Basa moved for summary judgment on the basis of res judicata and collateral estoppel, and the trial court granted his motion in a comprehensive and well-reasoned order. This appeal followed.

1. Hodo contends the trial court erred in granting summary judgment to Basa on the basis of res judicata. "[U]nder the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of

action." (Citations and punctuation omitted.) *Sorrells Constr. Co. v. Chandler Armentrout &c., P. C.*, 214 Ga. App. 193 (447 SE2d 101) (1994). This doctrine will bar a second action "if the plaintiff has brought another action based on the same subject matter, the plaintiff had a full and fair opportunity to litigate the other action, the other action resulted in an adjudication on the merits, *and* the other action was against the same defendant or its privy. [Cit.]" Id. at 194.

Hodo's claims in both actions obviously involve the same subject matter and the same cause of action. She had a full and fair opportunity to litigate the controlling issues in the original action, both before the trial court and this court. She argues, however, that the dismissal of her first action for failure to file an affidavit under OCGA § 9-11-9.1 was not an "adjudication on the merits" for purposes of res judicata. This contention was decided adversely to Hodo in her first appeal. See 211 Ga. App. at 8.

Contrary to Hodo's contention, *Lutz v. Foran*, 262 Ga. 819, 824 (4) (427 SE2d 248) (1993), decided after Hodo filed her original complaint, does not require a remand here. With respect to the issue of whether a final adjudication on the merits had occurred, *Lutz* did not establish any new rule of law limited to prospective application. It merely restated existing principles.[1] The Code section itself clearly states that a dismissal under OCGA § 9-11-9.1 is a dismissal for failure to state a claim, and the complaint cannot be renewed or amended without a judicial determination that the affidavit was available but not filed due to mistake. See OCGA § 9-11-9.1 (e), (f). The Georgia Supreme Court noted as early as 1976 that "the sustaining of a motion to dismiss for failure to state a claim is res judicata on the merits of the claim." *Dillingham v. Doctors Clinic, P. A.*, 236 Ga. 302 (223 SE2d 625) (1976). The dismissal of Hodo's first action was a final adjudication on the merits.

Hodo also contends that the first action was not res judicata because of an absence of privity between the hospital, the sole defendant in the first action, and Basa, the sole defendant in the second action. Generally, a servant is not in privity with his master so as to be able to claim the benefit of an earlier adjudication in the master's favor. *Gilmer v. Porterfield*, 233 Ga. 671, 674 (2) (212 SE2d 842) (1975). "However, in *McNeal v. Paine, Webber, Jackson & Curtis, Inc.*, 249 Ga. 662 (2) (293 SE2d 331) (1982), the Court held that this rule applies only in cases, such as *Gilmer*, where there are defenses which are available to the master but not available to the servant. Where the master is sued under the doctrine of respondeat superior

---

[1] *Lutz* established a new rule including harbor pilots within the scope of OCGA § 9-11-9.1, although they were not "professionals" as defined in *Gillis v. Goodgame*, 262 Ga. 117 (414 SE2d 197) (1992).

for actions of the servant within the scope of the servant's authority, and there are no defenses available to the master which are not available to the servant, the action adjudicating the master's liability is res judicata and bars a subsequent action against the servant." *Brinson v. First American Bank*, 200 Ga. App. 552, 555-556 (4) (409 SE2d 50) (1991).

The first action was based on the alleged negligence of Basa in performing his duties as a physical therapist employed by the hospital. While the complaint did not explicitly allege the doctrine of respondeat superior, it asserted liability on the part of the hospital for Basa's negligence. Moreover, Hodo has acknowledged in this action that the earlier action was brought under the theory of respondeat superior. In its answer, the hospital did not raise a defense of lack of authority or that Basa was acting outside the scope of his employment. It simply asserted that no agent, employee, or representative of the hospital caused any injury alleged by Hodo. Because the earlier action which resulted in judgment for the hospital was based on the alleged negligence of Basa, Hodo could not relitigate "this actually litigated and necessarily decided issue." *Sorrells*, supra at 194. The trial court did not err in granting Basa's motion for summary judgment on the basis of res judicata.

2. In view of the holding in Division 1, Hodo's remaining enumerations of error are rendered moot.

*Judgment affirmed. Pope, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 5, 1994 —
RECONSIDERATION DENIED OCTOBER 20, 1994 —

*Cuffie & Smith, Rufus Smith, Jr.*, for appellant.
*Smith, Gambrell & Russell, David M. Brown, S. David McLean, Jr.*, for appellee.