A96A0726. GARRETT et al. v. LIFE INSURANCE COMPANY OF GEORGIA et al.
(471 SE2d 262)

BLACKBURN, Judge.

James E. Garrett and Mary L. Whatley, individually and as administratrix of the estate of Anita Ann Garrett (collectively referred to as the plaintiffs) appeal from the trial court's grant of summary judgment to Life Insurance Company of Georgia, Terrell M. Shields, and Thomas Hines (collectively referred to as the defendants).

This is the second appearance of several of these parties before

this Court. See *Garrett v. Life Ins. Co. of Ga.* (Case No. A95A0812, decided June 1, 1995, unpublished opinion). In their first appearance, Mr. Garrett and Whatley, as potential beneficiaries, had filed a breach of contract claim against Life Insurance Company of Georgia (Insurance Company) seeking the proceeds of a life insurance policy applied for by Ms. Garrett. We affirmed the trial court's grant of summary judgment in favor of the Insurance Company finding that no contract of insurance existed.

On January 13, 1995, Mr. Garrett and Whatley filed the present action against the Insurance Company based on tort, rather than contract, principles. Both actions, however, hinge on the same facts surrounding the same insurance policy application. In the present lawsuit, however, Whatley, in her capacity as the administratrix of the estate of Ms. Garrett, was added as a plaintiff, and Shields and Hines were added as defendants. The other parties remain the same as in the previous action. The trial court granted summary judgment to all defendants based upon res judicata, collateral estoppel, and the merits. The facts of both lawsuits are as follows.

On May 6, 1993, Ms. Garrett submitted an application for life insurance through Shields, an agent of the Insurance Company, and attached her first premium payment. Ms. Garrett named her brother, Mr. Garrett, and her sister, Whatley, as beneficiaries. In return, Ms. Garrett received a receipt stating that, except in limited circumstances which we held did not exist in the first lawsuit, "NO LIFE INSURANCE MAY TAKE EFFECT EARLIER THAN THE POLICY DELIVERY DATE." In addition, the application provided: "I agree that . . . no agent has the authority . . . to accept risks or determine insurability . . . and . . . only the President, Vice President, and Secretary, or an Assistant Secretary of the [Insurance Company] can make or change a contract."

The application was forwarded to the Insurance Company. Because a credit agency retained by the Insurance Company to perform routine background checks could not locate Ms. Garrett, her application was rejected. On July 7, 1993, the Insurance Company issued a refund check for the premium which was mailed to the address Ms. Garrett provided on her application.[1]

In October 1993, concerned that the policy had yet to be delivered, Whatley went to the Insurance Company office to inquire as to the status of her sister's application. Whatley alleges that Shields and Hines informed her that Ms. Garrett's policy was in full force and effect and that they requested a second premium payment.

---

[1] This refund check was allegedly never received by Ms. Garrett. A new refund check was issued on November 22, 1993 — after Ms. Garrett died but before the Insurance Company was notified of her death.

On October 20, 1993, a second application, purportedly containing Ms. Garrett's signature, was submitted, although the authenticity of Ms. Garrett's signature is in dispute. In addition, a second premium payment was made on November 1, 1993. Although the plaintiffs maintain that they believed that the second premium was being paid on the first application, the receipt for the second premium payment bore the policy number of the second application. Ms. Garrett died on November 11, 1993.

1. In their first enumeration of error, the plaintiffs contend that because the two cases arose from separate and distinct transactions the trial court erred in holding that res judicata and collateral estoppel precluded the present action.

"[Res judicata] will bar a plaintiff's action if the plaintiff has brought another action based on the same subject matter, the plaintiff had a full and fair opportunity to litigate the other action, the other action resulted in an adjudication on the merits, *and* the other action was against the same defendant or its privy." *Sorrells Constr. Co. v. Chandler Armentrout &c., P.C.*, 214 Ga. App. 193, 194 (447 SE2d 101) (1994). Collateral estoppel, on the other hand, " 'precludes relitigation of issues actually litigated and necessary to the outcome of the first action.' " (Citation omitted.) Id.

In support of their argument, the plaintiffs contend that the first lawsuit was based on whether a binding contract existed, whereas the second lawsuit is based on: (1) the negligence and/or fraud of the defendants in failing to notify the plaintiffs that Ms. Garrett's application had been rejected; (2) advising the plaintiffs that the insurance policy was in full force and effect when the same was not true; and (3) the submission of a second application without approval or authorization. However, a comparison of the first and second lawsuits reveals that they are not so distinct.

Mr. Garrett and Whatley argued in the first lawsuit that they were entitled to the proceeds of the insurance policy because they were never notified that Ms. Garrett's application had been rejected. Moreover, in the first lawsuit, Mr. Garrett and Whatley specifically alleged that they had been assured by an agent of the Insurance Company that the May 6, 1993, policy was in full force and effect. Finally, during the first lawsuit, Mr. Garrett and Whatley also specifically denied that the signature on the second application was that of Anita Garrett.[2] "Res judicata bars subsequent actions as to all mat-

---

[2] Although Mr. Garrett and Whatley contend that they were not aware of the second application until after the first lawsuit was filed, and thus could not have asserted this claim in the first lawsuit, the record reveals that their counsel received notice of the second application on or about April 12, 1994, prior to the filing of the first lawsuit. In any event, as discussed more fully in Division 2, any cause of action based on the validity of the second appli-

ters put in issue or which under the rules of law might have been put in issue in the original action. OCGA § 9-12-40. . . . The adding of additional claims for relief which grow out of the same factual situation do not amount to the adding of a new or different cause of action," thereby escaping the bar of res judicata. (Punctuation omitted.) *McIver v. Jones*, 209 Ga. App. 670, 673 (434 SE2d 504) (1993); see also *Helmuth v. Life Ins. Co. of Ga.*, 194 Ga. App. 685, 686 (391 SE2d 412) (1990) (plaintiff seeking the proceeds of a life insurance policy may not initially sue the insurance company under a contract theory and, after an unfavorable outcome, seek to sue the insurance company under a tort theory if the plaintiff *could have* asserted both theories in a single action). Because the facts supporting the second lawsuit were also used to support the initial lawsuit, the trial court did not err in holding that the two lawsuits arose from the same transactions. Accordingly, the claims of Mr. Garrett and Whatley, in her individual capacity, filed against the Insurance Company in the second lawsuit are barred by res judicata.

2. In their second enumeration of error, the plaintiffs argue that the trial court erred in holding that Shields and Hines were in privity with the Insurance Company, and thus the claims against them were barred by res judicata as well.

(a) "Although a master has privity with his servant and can claim the benefit of an adjudication in favor of the servant, a servant is not in privity with the master so as to be able to claim the benefit of an adjudication of the master." (Citation omitted.) *Gilmer v. Porterfield*, 233 Ga. 671, 674 (212 SE2d 842) (1975); see also *Hunter v. Embree*, 122 Ga. App. 576, 577 (178 SE2d 221) (1970). The defendants argue, however, that *McNeal v. Paine, Webber, Jackson &c.*, 249 Ga. 662 (293 SE2d 331) (1982), created an exception to *Gilmer* which is applicable in the instant case. In *McNeal*, the Supreme Court of Georgia held that where the master is sued under the doctrine of respondeat superior for actions of the servant within the scope of the servant's authority, and the defenses available to the master and the servant do not vary, the action adjudicating the master's liability bars a subsequent action against the servant. Id. at 664. The defendants' reliance on *McNeal* and its progeny is misplaced, however, because the *McNeal* exception applies only in cases involving collateral estoppel. See *Sorrells*, supra at 194-195 (privity rules between res judicata and collateral estoppel distinguished); see also *Block v. Woodbury*, 211 Ga. App. 184, 185-186 (438 SE2d 413) (1993). Collateral estoppel is not applicable in the instant case because the tort issues raised in the second lawsuit were not *necessarily* decided in

cation is without merit.

favor of the Insurance Company in the first lawsuit. See *Sorrells*, supra at 194. As a result, Shields and Hines were not in privity with the Insurance Company. Under these facts, the court erred in holding that the claims filed against Shields and Hines were barred by res judicata.

(b) This does not end our discussion, however, because "a summary judgment right for any reason will be affirmed. [Cit.]" *Smith v. Housing Auth. of Athens*, 212 Ga. App. 503, 504 (441 SE2d 847) (1994). As a result, it is appropriate to determine if the plaintiffs' claims have any merit.

(1) The plaintiffs allege they have a cause of action against the defendants because Shields and Hines negligently, recklessly, and/or fraudulently informed Whatley that the policy applied for on May 6, 1993, was in full force and effect. However, in order to recover in tort for a misrepresentation, the hearer must have reasonably relied on the misrepresentation. *Thompson v. Pate*, 193 Ga. App. 418, 419 (388 SE2d 30) (1989). An applicant for insurance cannot reasonably rely on a soliciting agent's statements assuring coverage or effectiveness when, as in the instant case, the application makes clear that the agent has no authority to bind the company. Id. at 419; see also *Fowler v. Prudential Property &c. Ins. Co.*, 214 Ga. App. 766, 767-768 (449 SE2d 157) (1994) (insured not justified in relying on agent's misrepresentation that a grace period for payment of premiums existed); *Hyde v. Acceleration Life Ins. Co.*, 211 Ga. App. 153, 154-155 (438 SE2d 385) (1993) (applicant for health insurance not justified in relying on insurance agent's misrepresentation that he would be insured in light of statements on application that no agent had authority to waive conditions listed on the application and that only the company could approve coverage). Because Ms. Garrett, as the applicant of the life insurance policy, could not have reasonably relied on the alleged misrepresentation, it follows that neither could her beneficiaries. In addition, there is no evidence that Whatley even informed Ms. Garrett of the statements made by Shields and Hines, negating any possibility of reliance on Ms. Garrett's behalf.[3] Therefore, this cause of action is without merit.

(2) The plaintiffs allege they have a cause of action against the defendants because a second application for insurance coverage was negligently, recklessly, and/or fraudulently submitted in Ms. Garrett's name without her approval. It is undisputed that this second application was never accepted by the Insurance Company. Even if it had been accepted, it would have been to the plaintiffs' advantage,

---

[3] Although actual ownership of the policy is in dispute, putting into question whose reliance is relevant, we hold that none of the plaintiffs could have justifiably relied on the agents' alleged misrepresentations.

rather than to their detriment, because Ms. Garrett would have been covered. Because the plaintiffs would have benefited from the alleged fraud if it had succeeded, they have no right to complain unless it somehow prevented Ms. Garrett from seeking other coverage which she could have obtained. See *James, Hereford &c. v. Powell*, 198 Ga. App. 604, 606 (402 SE2d 348) (1991). The plaintiffs, however, alleged that they had no knowledge of the second application until after Ms. Garrett's death. Clearly Ms. Garrett was not prevented from seeking other coverage because, by the plaintiffs' own admission, neither they nor Ms. Garrett was aware of the second application prior to Ms. Garrett's death. Therefore, this cause of action is without merit.

(3) The plaintiffs allege they have a cause of action against the defendants because the defendants negligently, recklessly, and/or fraudulently failed to timely notify Ms. Garrett that her application for life insurance had been denied. We have previously held, however, that there is no common law duty for an insurance company to promptly notify an applicant for insurance coverage if they have been accepted even in those instances where premiums have been paid in anticipation of receiving coverage and those premiums were not returned until after the applicant's death. *Watkins v. Coastal States Life Ins. Co.*, 118 Ga. App. 145, 148-149 (162 SE2d 788) (1968).

While, in light of the above, we find no common law duty for an insurance company or agent to notify an applicant when coverage is denied, the plaintiffs maintain that such a duty is imposed by statute. OCGA § 33-39-11 (a) (1) provides that "[i]n the event of an adverse underwriting decision the insurance institution or agent responsible for the decision shall . . . provide the applicant . . . with the specific reason or reasons for the adverse underwriting decision in writing or advise such person that upon written request he or she may receive the specific reason or reasons in writing." Pretermitting the issue of whether a violation of OCGA § 33-39-11 even occurred, we find the plaintiffs' attempt to recover monetary damages for such a violation to be without authority. OCGA § 33-39-21 (a) and (e) limit any recovery in a private cause of action for violations of OCGA § 33-39-11 to equitable, as opposed to monetary, relief. Thus, because the plaintiffs are not seeking equitable relief, the plaintiffs' third and final cause of action is also without merit.

Accordingly, the trial court did not err in granting summary judgment to Shields and Hines.

3. In their third enumeration of error, the plaintiffs contend that the trial court erred in holding that there were no genuine issues to be tried with respect to the claims brought by the estate of Ms. Garrett.

In light of our holding in Division 2 (b) as to the merits of the plaintiffs' claims, this enumeration of error is without merit.

*Judgment affirmed. Beasley, C. J., and Birdsong, P. J., concur.*

DECIDED MAY 7, 1996.

*Gammon & Anderson, Joseph N. Anderson,* for appellants.
*Pursley, Howell, Lowery & Meeks, Paul A. Howell, Jr., Meryl C. Maneker, Burkhalter & Stephens, Terri B. Stephens,* for appellees.