A97A1290. MILLEN FERTILIZER SALES, INC. v. BROWN.
(492 SE2d 593)

McMURRAY, Presiding Judge.

Millen Fertilizer Sales, Inc. ("Millen") filed an appeal to the Supreme Court of Georgia challenging a Jenkins County Superior Court order which cancelled a Jenkins County State Court default judgment and enforced a settlement agreement wherein Millen agreed with Ralph Brown to satisfy the default judgment in exchange for $9,000. The Supreme Court of Georgia transferred the

---

case to this Court, finding that "[t]he primary question for review is whether the doctrine of res judicata applies to the enforceability of a judgment of the State Court of Jenkins County." We reverse because a Jenkins County State Court order (denying Brown's traverse to a subsequent garnishment proceeding initiated to enforce the default judgment) resolved enforceability of the settlement agreement and thereby constitutes the final adjudication of the matters which are the basis of Brown's action in the Jenkins County Superior Court.

Brown filed an action against Millen in the Jenkins County Superior Court to enforce a settlement agreement the parties executed to satisfy a default judgment Millen acquired against Brown in the Jenkins County State Court. Brown also sought to restrain and enjoin enforcement of the default judgment, alleging Millen breached the settlement agreement by refusing to accept a $9,000 check he tendered in discharge of his obligation under the settlement agreement. Millen opposed this action claiming that Brown breached the settlement agreement by failing to deliver the settlement check to its attorney within the 60-day period prescribed by the parties' settlement agreement. After conducting a hearing, the trial court directed cancellation of the default judgment and ordered Millen to accept Brown's settlement payment because time was not specified "of the essence" in the settlement agreement and Brown's attorney delivered the settlement check in a timely fashion, via mail, under OCGA § 9-11-6 (e). The trial court's order includes the following undisputed findings of fact:

"On December 12, 1989 [Brown] executed a promissory note in favor of [Millen] in the amount of $17,858.45, due November 1, 1990.

"On February 2, 1994 [Millen] sent a collection letter to [Brown], in it was recited that a note for $7,000.00 had become due. It was furthermore recited that the indebtedness referred to was created when, in February 1993, [Brown] paid [Millen] $8,000.00; [Millen] charged off $10,061.33 of [Brown's] indebtedness; and, [Brown] executed a promissory note in favor of [Millen] in the amount of $7,000.00.

"On January 3, 1995 [Millen] filed a complaint on a promissory note in Jenkins State Court, alleging [Brown's] indebtedness under an instrument in the amount of $17,858.45 plus interest, dated December 12, 1989.

"On March 1, 1995 default judgment for [Millen] against [Brown] was entered in Jenkins State Court, in the principal amount of $25,929.45, interest at $8.80 per day after December 20, 1994, and $2,617.95 in attorney's fees.

"On March 31, 1995 a motion to open default on behalf of [Brown], and order staying the default until show cause hearing on April 24, 1995, were entered in Jenkins State Court.

"The Jenkins State Court order staying default was continued

and hearing rescheduled for May 22, 1995.

"On May 20, 1995 [Millen's] counsel wrote to [Brown's] counsel a letter memorializing a settlement agreement under which [Brown] was to pay $9,000.00 to [Millen] within sixty (60) days of said letter. It was acknowledged that this agreement would be submitted to the Jenkins State Court by [Brown's] counsel on May 22, 1995, and same would conclude all claims between the parties.

"On July 21, 1995 [Brown's] counsel transmitted by mail the $9,000.00 settlement agreement payment to [Millen's] counsel. Said payment was received by [Millen's] counsel on July 24, 1995, but was rejected as being untimely.

"On July 26, 1995 [Millen] filed a garnishment action in Jenkins State Court by seeking attachment of [Brown's] bank funds to satisfy the default judgment. This garnishment action was filed attaching thereto the garnishment affidavit of [Millen's] counsel which was dated July 20, 1995.

"On July 28, 1995 [Brown] filed a traverse to garnishment and a motion to set aside judgment in Jenkins State Court.

"On September 6, 1995 the Jenkins State Court entered an order finding that the settlement agreement had not been complied with by [Brown], denying the motion to open default, denying the motion to set aside judgment, and denying the traverse to garnishment.

"On October 6, 1995 [Brown] filed a notice of appeal of the judgment of Jenkins State Court entered September 6, 1995.

"On November 1, 1995 the Court of Appeals of Georgia entered an order dismissing [Brown's] appeal for failure to follow the procedure required for discretionary review of denial of the motion to set aside judgment.

"On November 27, 1995 remittitur was entered in the Jenkins State Court upon the order of the Court of Appeals of Georgia." *Held*:

1. " '(Res judicata) will bar a plaintiff's action if the plaintiff has brought another action based on the same subject matter, the plaintiff had a full and fair opportunity to litigate the other action, the other action resulted in an adjudication on the merits, and the other action was against the same defendant or its privy.' *Sorrells Constr. Co. v. Chandler Armentrout &c., P.C.*, 214 Ga. App. 193, 194 (447 SE2d 101) (1994)." (Emphasis omitted.) *Garrett v. Life Ins. Co.*, 221 Ga. App. 315, 317 (1) (471 SE2d 262). Since the enforceability of the settlement agreement in question in the case sub judice was resolved adversely to Brown in his previous state court traverse to Millen's garnishment proceeding, and since that ruling was unsuccessfully challenged on appeal, the issue regarding the enforceability of the settlement agreement is res judicata, and Brown is bound by the Jenkins County State Court's judgment. Brown's Superior Court action to enforce the settlement agreement is thereby precluded and the

Jenkins County Superior Court erred in holding otherwise.

2. In light of our holding in Division 1 of this opinion, it is unnecessary to address Millen's remaining enumeration of error.

*Judgment reversed. Beasley and Smith, JJ., concur.*

DECIDED OCTOBER 2, 1997.

*Matthew L. Waters*, for appellant.
*Grady K. Reddick, Robert S. Lanier, Jr.*, for appellee.