S00G0210. CHOREY, TAYLOR & FEIL, P.C. v. CLARK.
(539 SE2d 139)

BENHAM, Chief Justice.

We granted a writ of certiorari to the Court of Appeals in order to address that court's application of the doctrine of respondeat superior to the facts of this case in *Clark v. Chorey, Taylor & Feil, P.C.*, 240 Ga. App. 232 (522 SE2d 472) (1999). For the reasons that follow, we reverse the judgment of the Court of Appeals.

In April 1996, appellee Dannice Clark was injured when her automobile was struck by a car driven by Wanda Chatham, an employee of a law firm named Vincent, Chorey, Taylor & Feil, P.C. ("Vincent Chorey"). The collision occurred while Ms. Chatham was on her way in her personal vehicle to deliver a check for telephone service for Vincent, Berg, Stalzer & Menendez, P.C. ("Vincent Berg"). Vincent Berg was a new law firm not yet open for business that had been established by some of the Vincent Chorey attorneys, and was the law firm for which Chatham had agreed to begin work in May 1996. Appellant Chorey, Taylor & Feil, P.C. ("Chorey Taylor") is the current configuration (following the departure of the Vincent Berg attorneys) of the law firm that employed Chatham at the time of the collision. Appellee Clark filed a personal injury action against Chatham and, citing the doctrine of respondeat superior, included as defendants Chatham's employer at the time of filing suit (Vincent Berg) and Chorey Taylor. The trial court awarded summary judgment to both Vincent Berg and Chorey Taylor, and Clark appealed the entry of judgment in favor of Chorey Taylor. A divided Court of Appeals reversed the grant of summary judgment to Chorey Taylor after concluding that a factfinder should determine whether Chatham was acting within the scope of her employment at the time of the collision. The Court of Appeals opined that it could be inferred from the facts that Chatham's mission was not a purely personal pur-

suit entirely disconnected from her employment, and that it could be inferred that Chatham's attempt to deliver the check on behalf of Vincent Berg was not voluntary since her employment at Vincent Chorey and her future employment at Vincent Berg could have been adversely affected had she not delivered the check. *Clark v. Chorey, Taylor*, supra. We granted Chorey Taylor's petition for a writ of certiorari.

"The clearest case of vicarious liability [that is, liability for the tort of another] is that of a master for harm caused by acts of his servant." Harper, James & Gray, The Law of Torts, § 26.6, p. 23 (2nd ed. 1986). Under the principle of respondeat superior, "employers are generally jointly and severally liable along with the tortfeasor employee for the torts of employees committed within the scope of employment." Dobbs, The Law of Torts, § 333, p. 905 (2000). In Georgia, the common law principle is codified in OCGA § 51-2-2: "Every person shall be liable for torts committed by his . . . servant by his command or in the prosecution and within the scope of his business, whether the same are committed by negligence or voluntarily." *Curtis v. Ashworth*, 165 Ga. 782 (142 SE 111) (1928).

When an employee causes an injury to another, the test to determine if the employer is liable is whether the employee was acting within the scope of the employee's employment and on the business of the employer at the time of the injury. *Allen Kane's Major Dodge v. Barnes*, 243 Ga. 776, 777 (257 SE2d 186) (1979). See also *Wittig v. Spa Lady*, 182 Ga. App. 689 (356 SE2d 665) (1987) (where the Court of Appeals stated the test as being whether the tort occurred while the employee was within the scope of the actual transaction of the employer's business for accomplishing the ends of the employee's employment). The employer is not liable for the employee's tort if the tort was committed, "not by reason of the employment, but because of matters disconnected therewith. . . ." *Frazier v. Southern R. Co.*, 200 Ga. 590 (2) (37 SE2d 774) (1946). Stated another way, if the employee was authorized to accomplish the purpose in pursuance of which the tort was committed, the employer is liable. *Franklin Life Ins. Co. v. Hill*, 136 Ga. App. 128 (4) (220 SE2d 707) (1975).

While the question of whether or not an employee was acting within the scope of employment at the time of the tort is generally one for the jury, summary judgment for the employer is appropriate where the evidence and all reasonable inferences drawn therefrom show that the employee was not engaged in furtherance of the employer's business, but was on a private enterprise of the employee's own. *Jones v. Reserve Ins. Co.*, 149 Ga. App. 176 (3) (253 SE2d 849) (1979). In the case at bar, Chatham was asked by a fellow employee to deliver a check issued by an entity other than Chatham's employer for initiation of phone service for an entity other than Chat-

ham's employer. There is no evidence that Chatham's attempt to deliver the check was in furtherance of her employer's business. In fact, it appears that the opposite is true inasmuch as the delivery of the check would aid some of Chatham's fellow employees in their effort to open a business in competition with Chatham's employer. The fact that some of her fellow employees might benefit from her delivery of the check is not evidence that Chatham was on the business of her employer when she attempted to deliver the check. Without evidence that Chatham's employer's business was to assist in the set up of new law firms, the fact that the fellow employee who asked the favor of Chatham later described herself as having acted in her capacity as an employee of Chatham's employer when she made the request is not evidence that Chatham was on the business of her employer when she collided with Ms. Clark.

> However willing we are to commit to the jury the solution of every question of fact, yet in the very nature of things, when the determination of the issue rests not on direct proof, but on circumstances, there exists a point where the inferences to be drawn can not, as a matter of law, be sufficient to [defeat the grant of summary judgment]. [Cit.]

*Allen Kane's Major Dodge v. Barnes*, supra, 243 Ga. at 779. Accordingly, we reverse the judgment of the Court of Appeals and order the reinstatement of the trial court's entry of summary judgment in favor of Chorey Taylor.
     *Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 13, 2000.

Carr, Tabb & Pope, W. Pitts Carr, J. Renee Kastanakis, Eric N. Van De Water, for appellant.
     Rajan Bhandari, for appellee.