A02A1231. STOTT et al. v. MODY.
(572 SE2d 83)

SMITH, Presiding Judge.

Alice Stott and her daughter, Alice E. Barley, bring this appeal from the trial court's grant of Anatrai Mody's motion for summary judgment in the suit filed against him by Stott and Barley. Because we find that the trial court correctly granted the motion, we affirm the judgment below.

The record shows that Stott and Barley filed an action in the Superior Court of Bryan County against First Card Services, Inc. and the First National Bank of Chicago. They alleged that Mody, a collector employed by the defendants, had telephoned their home seeking

---

to collect the delinquent balance on a credit card account and had left a threatening message on their answering machine.[1] The plaintiffs claimed that the threatening message had caused mental suffering and emotional anguish and had frightened them so that they made drastic changes in their lives. They sought compensatory and punitive damages for intentional infliction of emotional distress, negligent hiring, and negligent supervision. The action was removed to federal district court by the defendants, where they answered and moved for summary judgment. The district court granted the motion after reviewing the standards applicable to such a claim under Georgia law, finding that Mody's conduct "did not meet the requisite level of outrageousness necessary for an intentional infliction of emotional distress claim. A reasonable person could not find the conduct outrageous enough to recover under the tort." The district court also found that "the distress inflicted was not so severe that a reasonable person could not endure it" and that "a reasonable person could endure the stress created by the answering machine message." The Eleventh Circuit Court of Appeals affirmed the judgment.

Stott and Barley then filed this action in the Superior Court of Bryan County against Mody, based upon the same facts. They sought compensatory and punitive damages and attorney fees for infliction of emotional distress. Mody answered and moved for summary judgment on the grounds of res judicata and/or collateral estoppel. The trial court granted Mody's motion.

In their sole enumeration of error, Stott and Barley contend the trial court erred in granting Mody's motion for summary judgment on the ground of res judicata and/or collateral estoppel because Mody is not in privity with the defendants in the federal suit and was acting outside the scope of his employment, and because the grant leaves them with no avenue by which to pursue their claim against Mody.

> Res judicata will bar a plaintiff's action if the plaintiff has brought another action based on the same subject matter, the plaintiff had a full and fair opportunity to litigate the other action, the other action resulted in an adjudication on the merits, *and* the other action was against the same defendant or its privy. Collateral estoppel, on the other hand, precludes relitigation of issues actually litigated and necessary to the outcome of the first action.

(Citations and punctuation omitted.) *Garrett v. Life Ins. Co. of Ga.*, 221 Ga. App. 315, 317 (1) (471 SE2d 262) (1996).

---

[1] In the message, Mody allegedly stated that he had talked to his friend "Mike," who said he would come to the plaintiffs' home to see them – with a gun.

It is true that generally, "[a]lthough a master has privity with his servant and can claim the benefit of an adjudication in favor of the servant, a servant is not in privity with the master so as to be able to claim the benefit of an adjudication of the master." (Citations and punctuation omitted.) *Garrett*, supra at 318 (2). But our Supreme Court has created an exception to that rule: When a master is sued under the doctrine of respondeat superior for the acts of his servant within the latter's authority, and the defenses available to both the master and the servant are identical, all of the issues that could impose liability upon the servant have been litigated in the action against the master, and an adjudication of the master's liability will bar a later action against the servant. *McNeal v. Paine, Webber, Jackson &c.*, 249 Ga. 662, 664 (293 SE2d 331) (1982).

As to the scope of Mody's employment, it was determined in the federal action that Mody was employed as a collector by First Card or its predecessor for more than 15 years.

> When an employee causes an injury to another, the test to determine if the employer is liable is whether the employee was acting within the scope of the employee's employment and on the business of the employer at the time of the injury. The employer is not liable for the employee's tort if the tort was committed, not by reason of the employment, but because of matters disconnected therewith. Stated another way, if the employee was authorized to accomplish the purpose in pursuance of which the tort was committed, the employer is liable.

(Citations and punctuation omitted.) *Chorey, Taylor & Feil, P.C. v. Clark*, 273 Ga. 143, 144 (539 SE2d 139) (2000). Although in general, the scope of employment is a question for a jury, summary judgment is appropriate when the evidence and all inferences drawn from it point conclusively to its resolution. Id. at 144. The fact situation in *Mountain v. Southern Bell Tel. &c. Co.*, 205 Ga. App. 119 (421 SE2d 284) (1992), cited by Stott and Barley, was entirely different. In *Mountain*, the plaintiff alleged that Southern Bell's employee raped her after completing the task of reestablishing her telephone service. We held there that the employee did not rape the plaintiff in the scope of his employment because the rape was not related to his employment and did not further his employer's business. Id. at 119 (1). Here, however, no question exists that Mody's threatening message was left in pursuance of his employer's purpose: to collect the debt. Mody was a "complete stranger to" Stott and Barley, and he would not have benefitted had his methods worked and induced Stott to pay the debt. It is clear that his action therefore was within the

scope of his employment. It follows that he was in privity with First Card, and collateral estoppel applies.

Finally, Stott and Barley's contention that the grant of summary judgment was improper because it leaves them with no "avenue by which to pursue" Mody is not based upon any established legal principle. The fact that they lack a remedy for Mody's actions does not require this court to disregard established legal principles and allow them to relitigate the very issue already adjudicated in the federal action, particularly when no reason is apparent for the plaintiffs' failure to join Mody in the federal action. This would be tantamount to creating "a framework under which a plaintiff could consciously design a legal strategy which would allow him two shots at the same target." *McNeal*, supra at 664.

*Judgment affirmed. Eldridge and Ellington, JJ., concur.*

DECIDED OCTOBER 7, 2002 — ▮▮▮▮▮▮▮▮

*Savage, Turner, Pinson & Karsman, Brent J. Savage, Robert S. Kraeuter*, for appellants.

*Gilbert, Harrell, Gilbert, Sumerford & Martin, Mark D. Johnson, Ellis, Painter, Ratterree & Bart, Sarah B. Akins*, for appellee.