In re Denise Almond MORROW, Debtor.

H. Wiley Allen, Plaintiff,

v.

Denise Almond Morrow, Defendant.

Bankruptcy No. 12–74087.
Adversary No. 12–5662.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Signed Feb. 24, 2014.

John A. Moore, the Moore Law Group, LLC, Atlanta, GA, for Debtor/Defendant.

William D. Carter, Jr., Mason Bahr LLP, Atlanta, GA, Mark C. Walker, Hecht, Mack, Harris & Walker, Stockbridge, GA, for Plaintiff.

*ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS–MOTION FOR PARTIAL SUMMARY JUDGMENT*

JAMES E. MASSEY, Bankruptcy Judge.

Plaintiff H. Wiley Allen seeks a judgment against Defendant and Debtor Denise Almond Morrow that a debt owed by Morrow to Allen embodied in a judgment of the Superior Court of Fulton County, Georgia is not dischargeable pursuant to 11 U.S.C. § 523(a)(2) and (a)(6). Plaintiff

moves for summary judgment, asserting that the doctrine of collateral estoppel bars Morrow from relitigating the issues of liability and damages allegedly found by the Superior Court and that those findings satisfy the elements of his claim based on alleged fraud under section 523(a)(2) of the Bankruptcy Code. Defendant filed a cross-motion for summary judgment, asserting that collateral estoppel does not apply and that the facts alleged in the adversary complaint fail to state a claim for relief under section 523(a)(2)(B) of the Bankruptcy Code, which makes a debt for money obtained by the use of a false statement in a writing concerning the debtor's financial condition on the which the plaintiff reasonably relied nondischargeable.

## I. Facts

In 2005, Denise Almond Morrow as Trustee of the Almond Family Trust (the "Trustee") borrowed $35,000 from H. Wiley Allen. The loan is evidenced by a note dated June 15, 2005 in the amount of $35,000 and signed by the Defendant in her capacity as Trustee. The interest rate was 20% per annum with a default rate of 32% per annum. The note was payable monthly in the amount of $585 beginning on July 15, 2005 with the balance of the debt due and payable on December 31, 2005. The note recites that it is secured by "the Deed To Secure Debt and Security Agreement, date of even date herewith," but apparently no such document then existed. It is undisputed, however, that the note is secured by real property known as 3683 Ashwood Drive, Smyrna, GA 30080 pursuant to a deed to secure debt dated October 4, 2005 and recorded on October 27, 2005 in the office of the Clerk of the Superior Court of Cobb County, Georgia. The Trustee defaulted on the note by failing to pay the balance due on December 31, 2005.

In October 2007, Allen sued Morrow in her capacity as Trustee and individually in the Superior Court of Fulton County, Georgia. Complaint, Doc. No. 1, Ex. C, pp. 19–40. The complaint alleged claims for relief against "Defendants" for damages for breach of contract (though Morrow in her individual capacity is not alleged to have had a contract with Allen), for an accounting, for damages for "fraud in the inducement," for damages against Morrow individually, for punitive damages, and for attorney's fees, costs and expenses of litigation.

Morrow answered the complaint in the state court action. Thereafter, Allen served Morrow with requests for admission, to which she never responded. The request for admissions demanded that Morrow admit the following statements:

17. Prior to the execution and delivery of the Note, and in furtherance thereof, Morrow represented to Plaintiff that full payment would be forthcoming pursuant to the express provisions of the Note.

18. Morrow's representation that full and timely payment would be made was a material inducement for Plaintiff to accept the Note and the subsequent Deed to Secure Debt, and loan Trustee the subject monies.

19. In making such representations, Morrow intended for Plaintiff to rely on such representations, thereby inducing Plaintiff to accept the Note and subsequent Deed to Secure Debt, and loan Trustee the subject monies.

20. Plaintiff has suffered damages as a proximate result of Morrow's misrepresentations and is entitled to monetary damages from Morrow.

21. Defendant Trustee's actions and omissions were at the specific direction and behest of Defendant Denise Almond–Morrow, individually.

22. Defendant Trustee and Defendant Morrow acted with disregard for and recognition of the trust entity, and with malice and evil intent to cause harm to Plaintiff.

23. Based on her conduct, Defendant Morrow, individually, is jointly and severally liable with Defendant Trustee for the obligations under the Note and Deed to Secure Debt.

24. Morrow's fraudulent conduct as set forth in Plaintiff's Complaint demonstrates a specific intent to cause harm, willful misconduct, malice, fraud, wantonness and oppression, and the entire want of care that constitutes conscious indifference to the consequences.

25. Morrow should be held liable to Plaintiff for punitive damages in accordance with O.C.G.A. § 51–12–5.1.

26. Morrow has acted in bad faith and in a stubbornly litigious manner, entitling Plaintiff to an award of his attorney's fees.

Complaint, Doc. No. 1., Ex. D, pp. 41–56.

Allen moved for summary judgment in the Superior Court, relying solely on admissions made by Morrow based on her failure to respond to the requests for admission. Plaintiff's Motion for Summary Judgment, Doc. No. 7, Part 8. The Superior Court granted Allen's motion in an Order and Final Judgment ("OFJ") filed on August 5, 2008. Complaint, Doc. No. 1., Ex. E, pp. 57–59.

The OFJ did not state the facts on which the judgment was based. Rather, the OFJ concluded that there was no genuine issue of as to any material fact, granted summary judgment "in favor of Plaintiff against Defendants as to all claims asserted by Plaintiff," and more specifically:

ORDERED that a Judgment be entered jointly and severally against Defendants Denise Almond–Morrow, in her repre-sentative capacity as Trustee of the Almond–Morrow Family Trust, and Denise Almond–Morrow, individually, and in favor of Plaintiff as follows:

a. Judgment for Plaintiff and an award of damages against Defendants, jointly and severally, for Defendants' breach of contract/breach of promissory note in the principal amount of thirty-five thousand and 00/100 dollars ($35,000.00);

b. Judgment for Plaintiff and an award of damages against Defendants, jointly and severally, for contractual interest in the amount of thirty thousand six hundred six and 72/100 dollars ($30,616.72), accrued as of June 30, 2008;

c. Judgment for Plaintiff and an award of damages against Defendants, jointly and severally, for contractual prejudgment interest at the per diem rate of thirty-three and 56/100 dollars ($33.56) accruing from July 1, 2008, to the date of judgment;

d. Judgment for Plaintiff and an award of damages against Defendants, jointly and severally, for Plaintiff's costs of collection, including reasonable attorney's fees, costs, and expenses associated with this action, in the amount of three thousand four hundred twenty-one and 51/100 dollars ($3,421.51); and

e. Judgment for Plaintiff and an award of punitive damages against Defendants, jointly and severally, in the amount of six hundred ninety thousand two hundred eight-two dollars and 30/100 ($690,-282.30), which represents an award of ten times (10x) Plaintiff's compensatory damages.

*Id.*

On September 28, 2012, Defendant Morrow filed a petition under Chapter 7 of the Bankruptcy Code commencing Case Number 12–74087. On December 20, 2013, Allen filed a complaint commencing this adversary proceeding. The complaint

contains one count, even though it asserts two distinct claims for relief under 11 U.S.C. §§ 523(a)(2) and 523(a)(6). The complaint includes, in addition to many conclusions of law, the allegation, not included in the state court complaint, that "Morrow never intended to honor her obligations to Allen. Rather, at the time of the initial transaction and thereafter, Morrow had no intention of fully paying on the Note...." Complaint, Doc. No. 1, pp. 5–6.

## II. Discussion

The parties' motions present the following issues: (A) whether the doctrine of collateral estoppel is applicable in this adversary proceeding with respect to Plaintiff's claim based on alleged fraud, (B) whether Plaintiff's motion includes his claim under section 523(a)(6) of the Bankruptcy Code, and (C) whether Defendant is entitled to partial summary judgment based on the contention that the complaint fails to state a claim under section 523(a)(2)(B) of the Bankruptcy Code upon which relief can be granted.

**A. Summary Judgment Standards.** Pursuant to Fed.R.Civ.P. 56(c), made applicable by Fed. R. Bankr.P. 7056, a party moving for summary judgment is entitled to prevail if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A fact is material for the purposes of summary judgment only if it "might affect the outcome of the suit under the governing law....." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 211 (1986).

The moving party bears the initial burden to establish that no genuine factual issue exists or alternatively, that the non-moving party cannot prove its case at trial. *Celotex*, 477 U.S. at 323–326, 106 S.Ct. 2548; *Exigent Tech., Inc. v. Atrana Solutions, Inc.*, 442 F.3d 1301, 1307–1309 (Fed. Cir.2006). The movant must point to the pleadings, discovery responses or supporting affidavits that tend to show the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548. The court must construe this evidence in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 249, 106 S.Ct. 2505; *Rollins v. TechSouth, Inc.*, 833 F.2d 1525 (11th Cir.1987). "If there is a conflict between the parties' allegations or evidence, the non-moving party's evidence is presumed to be true and all reasonable inferences must be drawn in the non-moving party's favor." *Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1164 (11th Cir.2003).

**B. Collateral Estoppel.** Plaintiff asserts that Defendant is barred by the doctrine of collateral estoppel from challenging any aspect of his fraud claim based on section 523(a)(2) of the Bankruptcy Code, so that the debt embodied in the OFJ is nondischargeable. (Plaintiff did not distinguish between section 523(a)(2)(A) and (a)(2)(B), but his sole focus insofar as supported by factual allegations in the complaint is on the false representation portion of section 523(a)(2)(A).[1])

 The doctrine of collateral estoppel applies in dischargeability cases in bankruptcy. *Grogan v. Garner*, 498 U.S.

---

1. Section 523(a)(2)(A) makes nondischargeable a debt for "(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition[.]"

279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991); *Hoskins v. Yanks (In re Yanks)*, 931 F.2d 42 (11th Cir.1991). The U.S. Supreme Court held in *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 381–82, 105 S.Ct. 1327, 1332–33, 84 L.Ed.2d 274 (1985), that in a case involving issues previously considered by a state court, a federal court must give preclusive effect to the state court's judgment to the same extent other courts in that state would do so, unless a federal statute creates an exception to the full faith and credit provisions of 28 U.S.C. § 1738. There is no such exception to section 1738 in the Bankruptcy Code. *See St. Laurent v. Ambrose (In re St. Laurent)*, 991 F.2d 672, 675–76 (11th Cir.1993). Thus, the question presented is the extent to which Georgia courts would give preclusive effect to the OFJ so as to bar relitigation of facts underpinning the OFJ.

■■■■ Under Georgia law, a party may assert the doctrine of collateral estoppel when the following elements have been satisfied: (1) the parties in the earlier case in which a judgment was rendered are the same in the later case in which the doctrine of collateral estoppel or issue preclusion is asserted; (2) the issues insofar as collateral estoppel is asserted are the same; (3) the issues were actually litigated and a final judgment was entered as to all such issues; (4) the determination of the issue was essential to the prior judgment; and (5) the parties had a full and fair opportunity to litigate the issues in question. *Shields v. Bellsouth Advertising & Pub. Corp.*, 273 Ga. 774, 777, 545 S.E.2d 898, 900 (2001); *Stott v. Mody*, 257 Ga. App. 738, 572 S.E.2d 83, 85 (2002); *Stiltjes v. Ridco Exterminating Co., Inc.*, 197 Ga. App. 852, 399 S.E.2d 708 (Ga.App.1990). The plaintiff bears the burden of proving that the necessary elements of collateral estoppel have been met. *Usher v. John-*

*son,* 157 Ga.App. 420, 422, 278 S.E.2d 70, 72 (1981); *Dixie National Life Insurance Co. v. McWhorter (In re McWhorter)*, 887 F.2d 1564, 1566 (11th Cir.1989).

**1. Identity of Parties.** The parties in the action in the Superior Court and in this adversary proceeding are identical. Hence, the first element of collateral estoppel is satisfied.

**2. Identity of Issues.** The factual elements of a claim that a debt arose from a false representation under 11 U.S.C. § 523(a)(2)(A) are identical to the elements of a claim under Georgia law for a false representation. *See SEC v. Bilzerian (In re Bilzerian)*, 153 F.3d 1278, 1281 (11th Cir.1998); *Sterling Factors, Inc. v. Whelan*, 245 B.R. 698, 705–706 (N.D.Ga.2000). Hence, the issues are identical and the second element of collateral estoppel is satisfied.

■■■■ **3. Actual Litigation of the Issues and Entry of Final Judgment on All Issues.** An issue is deemed "actually litigated" when the "issue is properly raised, by the pleadings or otherwise, and is submitted for determination, and is determined." *Community State Bank v. Strong*, 651 F.3d 1241, 1267–68 (11th Cir. 2011) (applying Georgia law).

The issue of fraud was raised in Allen's state court complaint and contested by Morrow. The complaint and the requests for admissions of fact in the state court alleged some facts relevant to the gravamen of the fraud count, which was a false representation. A careful reading of the complaint and the requests for admission show that the alleged facts, as opposed to conclusions of law, fail to cover all of the elements of a claim for fraud based on a false representation. *See Meyer v. Waite*, 270 Ga.App. 255, 257–258, 606 S.E.2d 16, 19–20 (Ga.App.2004). Nonetheless, the necessary allegations may be supplied where the defendant fails to respond to

request for admissions that include conclusions of law on the ultimate legal issue.

In *G.H. Bass & Co. v. Fulton County Bd. of Tax Assessors,* 268 Ga. 327, 329, 486 S.E.2d 810 (1997), on which Allen relies, the Georgia Supreme Court held that under O.C.G.A. § 9–11–36(b), a party failing to respond to a request for admission of a conclusion of law admits that legal conclusion "so long as the legal conclusions relate to the facts of the case." Allen requested that Morrow admit she committed fraud; she failed to respond to the request; and the OFJ states that the Plaintiff was entitled to judgment on all counts.

Morrow argues that the case was not actually litigated because the requests for admission on which the judgment is based impermissibly sought conclusions of law, also relying on *G.H. Bass.* But Morrow misreads that case. In affirming the trial court, the Georgia Court of Appeals ruled a request to admit that "[t]he Plaintiff is entitled to a personal property/inventory/freeport exemption of $23,241,497.00 for the 1994 tax year" was impermissible because it was not factual but addressed the ultimate legal issue. *G.H. Bass & Co. v. Fulton County Bd. of Tax Assessors,* 222 Ga.App. 118, 473 S.E.2d 253 (Ga.App.1996). It ruled that the Board of Tax Assessors had made no admission even though it failed to respond to the request to admit. The Georgia Supreme Court reversed, opining that "[w]e need not reach the issue whether Bass' request for admission comes within the permissible scope of OCGA § 9–11–36 because the record reveals that the Board, upon the filing of Bass' requests for admission, did not respond, assert objections, request deferment of its obligation to respond to the requests, or seek a protective order." *G.H. Bass & Co.,* 268 Ga. at 330, 486 S.E.2d 810.

O.C.G.A. § 9–11–36(b) makes an admission under that Code section conclusively established unless the court permits withdrawal or amendment but also provides that "[a]ny admission made by a party under this Code section is for the purpose of the pending action only and is not an admission by him for any other purpose, nor may it be used against him in any other proceeding." This section would clearly prevent Allen from introducing as evidence in this adversary proceeding admissions made by Morrow under this section in the state court case. But it would not appear to bar Allen's reliance on collateral estoppel, even though he is asserting that the OFJ should be read to imply findings of fact based on such admissions.

Although Morrow admitted fraud, the OFJ does not show that the Superior Court made a determination that she committed fraud. In the demand section of the state court complaint, Allen specified the amount due for principal, interest and late fees as of October 1, 2007 and sought the default rate of interest on the note to the date of judgment, which relate to the breach of contract claim. But with respect to Count III asserting fraud, Allen sought unspecified damages "in an amount to be proved at trial." Complaint, Doc. No. 1, p. 29.

The OFJ made no specific findings of fact showing fraud, though it did grant judgment for Allen against Morrow in her Trustee capacity and individually "as to all claims asserted by Plaintiff." But the OFJ awarded no damages on Count III. The damage awards for principal, interest, and attorney's fees all relate to the breach of contract claim. The computation of the punitive damage award was based not on damages caused by fraud but rather on the compensatory damages for breach of contract and attorney's fees awarded in the OFJ.

A determination of the amount of damages is a necessary element to prove fraud in the form of a false representation. *Meyer v. Waite*, 270 Ga.App. 255, 257–258, 606 S.E.2d 16, 19–20 (Ga.App.2004). The OFJ is self-contradictory in granting judgment for Plaintiff on all counts (including the fraud count) but in failing to include a damage award based on fraud. Hence, at best the OFJ is ambiguous on the questions of whether Morrow committed fraud and whether Allen incurred any damage based on fraud. For this reason, the third element of collateral estoppel requiring a determination of issues actually litigated is not satisfied.

**4. The Requirement That the Determination Be Essential.** The fourth element of collateral estoppel under Georgia law limits the doctrine's applicability to "those issues that necessarily had to be decided in order for the previous judgment to have been rendered." *Waldroup v. Greene Co. Hosp. Auth.*, 265 Ga. 864, 866(2), 463 S.E.2d 5 (1995). Issue preclusion thus does not apply merely because the judgment was on the merits but rather applies only to issues that must have actually been decided. *Id.*

The primary purpose of this "necessarily decided" requirement is that it "prevents judgments that rest on ambiguous grounds from having issue preclusive effect." *Community State Bank v. Strong*, 651 F.3d 1241, 1268 (11th Cir. 2011). Therefore, when a judgment could be supported by two or more grounds, and it does not specify the ground on which it rests, the "judgment cannot have issue preclusive effect as to either issue, for neither is definitively the ground of the judgment." *Id.* (citing RESTATEMENT OF JUDGMENTS § 27, cmt. i).

The Superior Court made no specific findings of fact showing fraud, but Allen argues that the award of punitive damages gives rise to an inference of such findings. Under Georgia law, however, punitive or exemplary damages for fraud may not be recovered if there is no entitlement to compensatory damages for fraud. *Preferred Risk Ins. Co. v. Boykin*, 174 Ga.App. 269, 277, 329 S.E.2d 900, 908 (Ga. App.1985) (Carley, J.); *Chrysler Corp. v. Marinari*, 177 Ga.App. 304, 305–306, 339 S.E.2d 343, 344–345 (Ga.App.1985) (Carley, J.). As pointed out, the Superior Court did not award any damages caused by fraud, and that circumstance made an award of punitive damages for fraud impermissable, creating the possibility that the award of punitive damages was not based on fraud.

As a matter of law, punitive damages are not available in a breach of contract claim. *Trust Co. Bank v. C & S Trust Co.*, 260 Ga. 124, 126(1), 390 S.E.2d 589 (1990). But trial judges are human and sometimes make mistakes of law. The Superior Court might have erred by awarding punitive damages on a contract claim.

In seeking punitive damages in Count V of his state court complaint, Allen included language from O.C.G.A. § 51–12–5.1, the punitive damage statute, alleging "intent to cause harm, willful misconduct, malice, fraud, wantonness and oppression, and the entire want of care that constitutes conscious indifference to the consequences." Complaint, Doc. No. 1, p. 28. Georgia's punitive damages statute is, however, written in the disjunctive, allowing punitive damages to be awarded for any tort action showing "willful misconduct, malice, fraud, wantonness, oppression, *or* the entire want of care that constitutes conscious indifference to the consequences." O.C.G.A. § 51–12–5.1(b)(emphasis added).

Count IV of the state court complaint sought to hold Morrow liable for "disre-

gard for and recognition of the trust entity, and with malice and evil intent individually to cause harm to Plaintiff." Hence, the punitive damage award could have been based on this conduct rather than fraud.

The OFJ did not refer to O.C.G.A. § 51-12-5.1, which also clouded the basis for the punitive damage award. In short, it is impossible to know for certain the basis on which the Superior Court awarded punitive damages or whether there was any such basis.

Because the punitive damages awarded in the OFJ could have been based on grounds other than fraud, the finding of fraud was not essential to the ultimate judgment. For that reason, Plaintiff has failed to show that the fourth element of collateral estoppel has been met.

**5. A Full and Fair Opportunity to Litigate.** Morrow argues that because she was not represented at the time of the hearing on the motion for summary judgment, she did not have a full and fair opportunity to litigate. In her affidavit attached to her response to Allen's motion for summary judgment, she stated she did not understand the import of not answering the Requests for Admissions. Defendant's Response, Doc. No. 8 Part 2. But the Request for Admissions was served on her attorney on February 27, 2008. Complaint, Doc. No. 1, Exhibit D, pp. 41–48. In her affidavit, she stated that the Superior Court entered on order on March 14, 2008 permitting her counsel to withdraw. Defendant's Response, Doc. No. 8 Part 2. Hence, she was represented when the requests for admissions were served. She did not show that she could not have obtained another attorney or that her counsel did not advise her to answer the Request for Admissions. Defendant's Response, Doc. No. 8, Part 2. It therefore appears that the judgment did not result in a lack of fair opportunity to litigate the case.

**6. Summary.** The Court must apply collateral estoppel separately to the liability and damages portion of an order and may give preclusive effect to either, both or neither. *See Sterling Factors, Inc.* 245 B.R. at 708. Because the OFJ makes no finding of liability on the basis of fraud or award damages attributable to fraud, it cannot be conclusively read as a determination that Morrow committed fraud or that Allen incurred damages attributable to fraud. The punitive damage award is tied to the damages for breach of contract and cannot be conclusively linked to any other count of the complaint. Because Allen cannot show that all of the requirements for collateral estoppel under Georgia law have been met, the Court cannot give the OFJ issue preclusive effect with respect to the factual elements of Allen's fraud claim.

Further, as Allen notes in his supporting brief, "estoppel is an equitable doctrine which is to be applied when warranted." Motion for Summary Judgment, Doc. No. 7, p. 13. *See also In re Hooks,* 238 B.R. 880, 884 (Bankr.S.D.Ga.1999) (citing *Sterling Factors v. Whelan (In re Whelan),* 236 B.R. 495, 508–09 (Bankr.N.D.Ga. 1999)). The following circumstances support on equitable grounds the exercise of discretion not to apply collateral estoppel (assuming its elements had been satisfied), as suggested by Allen: (1) the draconian penalty in the OFJ is totally unsupported by any facts alleged in the state court complaint or admitted by Morrow; (2) Plaintiff's counsel was the author of the OFJ; and (3) the interest rates, the short term of the loan and the apparent lack of collateral when the loan was closed show that the loan entailed very high risk, and these circumstances allude to the possibility that there are material facts about the

transaction and the fraud claim than have yet been revealed. None of these observations should be construed to suggest that Allen could not prove his claim at trial.

**C. Liability Under Section 523(a)(6).** In his complaint here Allen contends that the debt allegedly owed to him by Morrow is not dischargeable under section 523(a)(6) of the Bankruptcy Code. That section makes nondischargeable a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." An injury possibly covered by section 523(a)(6) must be one caused by the debtor to the person of the plaintiff, i.e., a personal injury, or to the property of the plaintiff.

In his motion for summary judgment, Allen makes no mention of section 523(a)(6); he does not analyze the elements of a claim under that section, and he has not shown that the OFJ necessarily resulted in a finding of conduct that would satisfy the elements of section 523(a)(6). Hence, the Court does not read his motion for summary judgment as based on section 523(a)(6).

■ Allen's claim based on fraud was supported to some extent by factual allegations in the complaint here and the complaint in the state court. If his claim is simply fraud, he cannot make that claim under section 523(a)(6). In *Kawaauhau v. Geiger*, 523 U.S. 57, 62, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998), the Supreme Court declined to extend the reach of section 523(a)(6) to intentional torts dealt with in other subsections of section 523, stating

> Furthermore, "we are hesitant to adopt an interpretation of a congressional enactment which renders superfluous another portion of that same law." *Mackey v. Lanier Collection Agency & Service, Inc.*, 486 U.S. 825, 837, 108 S.Ct. 2182, 2189, 100 L.Ed.2d 836 (1988). Reading § 523(a)(6) as the

Kawaauhaus urge would obviate the need for § 523(a)(9), which specifically exempts debts "for death or personal injury caused by the debtor's operation of a motor vehicle if such operation was unlawful because the debtor was intoxicated from using alcohol, a drug, or another substance." 11 U.S.C. § 523(a)(9); see also § 523(a)(12) (exempting debts for "malicious or reckless failure" to fulfill certain commitments owed to a federal depository institutions regulatory agency).

*Id.* at 62, 118 S.Ct. 974 (footnote omitted).

**D. Defendant's Cross–Motion for Partial Summary Judgment.**

■ In her cross-motion for partial summary judgment, Morrow contends that complaint fails to state a claim for relief under section 523(a)(2)(B), which makes nondischargeable a debt for money or other value to the extent obtained by

> (B) use of a statement in writing—
>
> (i) that is materially false;
>
> (ii) respecting the debtor's or an insider's financial condition;
>
> (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
>
> (iv) that the debtor caused to be made or published with intent to deceive.

11 U.S.C. § 523(a)(2)(B).

Neither the complaint here nor the state court complaint contains any allegation that Morrow provided to Allen a financial statement, balance sheet, income history, employment history or any similar document that would reveal the financial condition of Morrow or of the Trust.

Allen asserts that "Defendant's false promise to pay Plaintiff the debt owed to him was not an oral representation as to

her financial condition" and that "Defendant's 'promise to pay' Plaintiff appears on the face of the Promissory Note." Plaintiff's Reply in Support of his Motion for Summary Judgment, Doc. No. 9, p. 6. In other words, he contends that the note was a writing respecting Morrow's financial condition, but he cites no legal authority for his position. The promissory note executed by Morrow as Trustee for the Trust is merely a promise to pay. It contains no representation concerning the sufficiency of the Trust's financial resources or future income or other resources to pay the note in accordance with its terms. More importantly, the note could not possibly have been a representation of Morrow's financial condition because Morrow was not the borrower or even mentioned in the note in her individual capacity.

■ The words "respecting the debtor's or an insider's financial condition" in section 523(a)(2)(B) refer to a debtor's or insider's overall financial condition. *In re Bandi*, 683 F.3d 671, 676 (5th Cir.2012) ("The term 'financial condition' has a readily understood meaning. It means the general overall financial condition of an entity or individual, that is, the overall value of property and income as compared to debt and liabilities."); *In re Joelson*, 427 F.3d 700, 706–07 (10th Cir.2005). A promise to pay a debt says nothing about a borrower's overall financial condition.

The absence of any reference to the financial condition of Morrow in either complaint and to Allen's reliance on a statement in writing as to her financial condition is fatal to the claim under section 523(a)(2)(B).

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8's pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." [*Ashcroft v.*] *Iqbal*, 556 U.S. [662] at 678, 129 S.Ct. [1937] at 1949 [173 L.Ed.2d 868 (2009) ] (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)). A complaint that provides "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is not adequate to survive a Rule 12(b)(6) motion to dismiss. *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965. Rather, "[t]o survive ... a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). A facially plausible claim must allege facts that are more than merely possible. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949. Factual allegations that are "'merely consistent with' a defendant's liability" fall short of being facially plausible. *Id.* at 678, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. at 1966). The plausibility standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of the defendant's liability. *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965. But if allegations are indeed more conclusory than factual, then the court does not have to assume their truth. See *Mamani v. Berzain*, 654 F.3d 1148, 1153–54 (11th Cir.2011).

*Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir.2012). Under these standards, Allen's complaint fails to state a claim under section 523(a)(2)(B) upon relief can be granted. Defendant is entitled to summary judgment in her favor to the extent that Plaintiff is asserting a claim under section 523(a)(2)(B).

### E. Conclusion.

Plaintiff has not carried his burden of showing that no genuine factual issue exists with respect to the only claim he raised in his motion for summary judgment—that the debt owed by Defendant embodied in the Superior Court's OFJ is not dischargeable under section 523(a)(2) of the Bankruptcy Code. He did not include in his motion for summary judgment his claim under section 523(a)(6) and also failed to show that no genuine factual issue exists with respect to that claim. Plaintiff has not pleaded sufficient facts in his complaint in this adversary proceeding to make out a facially plausible claim that any debt owed to him by Defendant is not dischargeable under section 523(a)(2)(B).

For the reasons stated herein, Plaintiff's Motion for Summary Judgment is **DENIED,** and Defendant's Cross Motion for Partial Summary Judgment is **GRANTED** as to any claim Plaintiff might have asserted pursuant to 11 U.S.C. § 523(a)(2)(B).