**FIFTH DIVISION**
**MERCIER, C. J.,**
**MCFADDEN, P. J., and RICKMAN, P. J.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**February 13, 2025**

# In the Court of Appeals of Georgia

A24A1556. ATLANTA AREA COUNCIL, INC. et al. v. PATEL.

RICKMAN, Presiding Judge.

In this interlocutory appeal, a local council of the Boy Scouts of America contends that the trial court erred in denying its motion for summary judgment. The Atlanta Area Council, Inc. (the "Council") argues that it cannot be held vicariously liable for the negligence of one of its volunteers, who was involved in an automobile collision while en route to a meeting to discuss matters relevant to her role as a volunteer. For the reasons that follow, we reverse.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). "In reviewing the denial of a summary judgment motion, we owe no deference to the trial

court's ruling and we review de novo both the evidence and the trial court's legal conclusions. Moreover, we construe the evidence and all inferences and conclusions arising therefrom most favorably toward the party opposing the motion." (Citation and punctuation omitted.) *Sowell v. Solomon*, 362 Ga. App. 717, 717 (870 SE2d 39) (2022).

So viewed, the record shows that Karen Bowens was a long-time volunteer with the Boy Scouts organization. In 2020, she was a committee member at large of the Phoenix District Committee, which is part of the Council, as well as the program camp director for the 2020 cub scout day camp. Beginning in late 2019, Bowens began working with a Council employee and another Council volunteer to plan the day camp. On March 5, 2020, she was driving alone in her own vehicle from her home to a restaurant for a meeting to plan the next steps for the day camp when she collided with the car in front of her. At the time of the collision, she was talking on her personal cell phone to a friend about matters unrelated to the day camp. After the collision, Bowens was issued a warning for following the car in front of her too closely. Bowens admitted that she caused the collision.

The driver of the other vehicle, Dushyant Patel, filed suit against Bowens and the Council, alleging negligence by Bowens and seeking to hold the Council vicariously liable based on the doctrine of respondeat superior. Following discovery, the Council filed a motion for summary judgment. The trial court conducted a hearing on the motion and subsequently denied it without explanation. After obtaining a certificate of immediate review from the trial court, the Council filed an application for interlocutory appeal, which this Court granted, and this appeal followed.

The Council contends, inter alia, that it cannot be held vicariously liable for Bowens' negligence under the doctrine of respondeat superior. Assuming, without deciding, that the Council and Bowens had an employer-employee relationship, we agree.

"Two elements must be present to render a master liable under respondeat superior: first, the servant must be in furtherance of the master's business; and, second, he must be acting within the scope of his master's business." (Citation and punctuation omitted.) *Prodigies Child Care Mgmt. v. Cotton*, 317 Ga. 371, 377 (2) (a) (893 SE2d 640) (2023); OCGA § 51-2-2. "In other words, the doctrine of respondeat superior holds an employer liable for the negligent or intentional torts of its employee

3

when the tort was done within the scope of the actual transaction of the employer's business for accomplishing the ends of his employment." (Citation and punctuation omitted.) *Cotton*, 317 Ga. at 377 (2) (a).

Although the question of whether an employee was acting within the scope of his or her employment at the time of the tort is generally one for the jury, "summary judgment for the employer is appropriate where the evidence and all reasonable inferences drawn therefrom show that the employee was not engaged in furtherance of the employer's business, but was on a private enterprise of the employee's own." *Chorey, Taylor & Feil, P.C. v. Clark*, 273 Ga. 143, 144 (539 SE2d 139) (2000). Georgia appellate courts "have consistently held that an employee acts only for her own purposes—and not for those of her employer—while she is going to or from work[.]" *Cotton*, 317 Ga. at 378 (2) (b). "Thus, when an employee causes a car accident while driving to or from work, respondeat superior generally does not apply, absent some showing that the employee was otherwise acting in furtherance of her employer's business and within the scope of her employment." Id. at 379 (2) (b).

Here, Bowens was driving to a restaurant to attend a cub scout day camp planning meeting set up by a Council employee. Although Bowens had never been to

that particular restaurant, meetings to plan the day camp were usually held at restaurants, which were chosen based on location so as to be convenient for the participants. Bowens was not instructed to take any particular route to the restaurant and used her vehicle's navigation system for directions. At the time of the collision, she was not wearing any type of Boy Scout uniform or apparel. After the collision, Bowens called the Council employee to let her know that she would not make it to the meeting, which went on without her. Attending meetings like the one scheduled for March 5, 2020, was one of the requirements for maintaining her volunteer positions with the Council, but Bowens was not disciplined or reprimanded for her failure to attend the meeting, and she continued her volunteer activities with the Council after missing that meeting.

Although Bowen had no set meeting place for her volunteer duties with the Council, her travel from her home to the cub scout day camp planning meeting was akin to a worker traveling to his or her usual place of work. See *Hargett's Tel. Contractors v. McKeehan*, 228 Ga. App. 168, 170 (491 SE2d 391) (1997) (employee's inspection duties required him to work in different locations and collision that occurred while he was going home after visiting several work sites was subject to

5

general rule that "a servant in going to and from work in an automobile acts only for his own purposes and not for those of his employer"). Thus, Bowens was presumed to have been acting only for her own purposes at the time of the collision. See *Cotton*, 317 Ga. at 379 (2) (b).

This Court has, however, recognized an exception to the general rule that an employee traveling to or from work is not acting in the course of his or her employment if an employee undertakes a "special mission" at the direction of the employer while commuting to or from work. Under that exception, if an

> employee, before or after customary working hours, is on his way from his home to perform some special service or errand or the discharge of some duty incidental to the nature of his employment in the interest of, or under direction of, his employer, and an injury arises en route from the home to the place where the work is performed, such injury is considered as arising out of and in the course of the employment.

(Citation and punctuation omitted.) *Graham v. Hospice Savannah*, 368 Ga. App. 91, 94 (889 SE2d 212) (2023).[1] For this exception to apply, the mission "must be made at the employer's request or direction" and must be "special" or "uncustomary." Id.

---

[1] We note that the Supreme Court of Georgia has recently expressed doubt "that the so-called 'special mission exception' is anything other than an application of the principles of respondeat superior." *Cotton*, 317 Ga. at 381 (3) (a), n.6.

at 95. Here, although the Council employee set up the March 5 meeting, the cub scout camp planning group usually met at restaurants, and Bowens' trip from her home to the restaurant that day could not be characterized as "special or uncustomary" such that it would fall outside the general rule. See *Centurion Indus. v. Naville-Saeger*, 352 Ga. App. 342, 346 (1) (834 SE2d 875) (2019) (working at a particular job site was not "special or uncustomary" where employee regularly traveled to different job sites to perform work); *Hargett's*, 228 Ga. App. at 171 (reversing denial of employer's motion for summary judgment because employee's conduct in traveling to multiple job sites, as his job normally required, could "in no way be considered a 'special mission' or errand done at the direction of his employer"). Accordingly, we reverse the trial court's denial of the Council's motion for summary judgment on Patel's claims against the Council based on the doctrine of respondeat superior.

*Judgment reversed. Mercier, C. J., and McFadden, P. J., concur.*